**CITY OF FRIENDSWOOD, Appellant,**

v.

**CLEAR CREEK BASIN AUTHORITY et al., Appellees.**

No. 16722.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 18, 1976.

Rehearing Denied Dec. 30, 1976.

O'Rourke & Lawler, Terence L. O'Rourke, Houston, for appellee Clear Creek Basin Authority.

John L. Hill, Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Austin, Troy Webb, Asst. Atty. Gen., Donald W. Allee, James R. Jard, Asst. Attys. Gen., Houston, for appellee State of Texas.

PEDEN, Justice.

The first point of error of the appellant, the City of Friendswood, is that the trial judge erred in temporarily enjoining it from violating provisions of the Texas Water Quality Act because the evidence established that the plaintiff, the Clear Creek Basin Authority, has no right or legal capacity to institute or maintain this suit. The City's other point is that the trial judge erred in overruling its plea of privilege because the evidence established that any violation or threat of violation of the Texas Water Quality Act by the City occurred in Galveston County, where the City is located.

Clear Creek Basin Authority is a conservation and reclamation district created by Chapter 528, page 1096, Acts of the 59th Legislature, Regular Session, 1965, compiled as Article 8280–311 Vernon's Texas Civil Statutes, pursuant to Article XVI, Section 59, of the Texas Constitution. Its jurisdiction is restricted to its boundaries, which are entirely within Harris County. The Texas Water Quality Board is a State agency operating under the Texas Water Quality Act, the Texas Water Code, Section 21.-001 et seq. (1972). The City of Friendswood is a municipal corporation and home rule city situated entirely in Galveston County.

The Authority brought this suit to abate a public nuisance, to obtain temporary and permanent injunctions and civil penalties against the City for violations of the Texas Water Quality Act, Texas Water Code, Sections 21.001 et seq., and Waste Control Orders 10175–01 and 10175–02. The City filed a plea of privilege to be sued in its domicile, Galveston County, a plea in abatement, a motion to dismiss, and an answer.

Olson & Olson, William A. Olson, Houston, for appellant.

The Clear Creek Basin Authority joined the Texas Water Quality Board as a party plaintiff, and Attorney General John L. Hill filed an intervention for the State of Texas on behalf of the Board. The Board asserted no claims and alleged no violations, but it prayed "for all relief to which it was justly entitled." The trial judge considered the matters at one hearing. Most of the evidence was uncontroverted. The City collects and treats human wastes from parts of Galveston and Harris Counties at the two sewage treatment plants in question, plants 1 and 2. Both are located in Galveston County. In the entire area pertinent to this appeal, the mid-line of Clear Creek divides Galveston and Harris Counties. Sewer treatment plant number 1 discharges into Clear Creek and sewer treatment plant 2 discharges into Cowarts Creek about 350 yards above where Cowarts Creek flows into Clear Creek. Both plants are overloaded and are, at times, discharging raw, untreated, and improperly treated sewage into Clear Creek. Dye tests show that some of the discharge from plant 1 flows directly into the Harris County side of Clear Creek.

The only issue before us is the statutory capacity of the Clear Creek Basin Authority to bring this cause in Harris County. The trial court presumably found in support of its orders that violations of the City's waste discharge permits and of the Texas Water Quality Act had occurred and were occurring in Harris County and thus within the statutory jurisdiction of the plaintiff Authority. The trial court's order stated that the plaintiffs were entitled to a temporary injunction because the

"City of Friendswood, acting by and through its officers, agents, or employees, has caused, suffered, allowed and permitted quantities of 'waste,' 'sewage' or 'municipal waste' as those terms are defined in Section 21.003 of the Texas Water Quality Act to discharge into the waters of Cowarts Creek and Clear Creek in the San Jacinto-Brazos Coastal Basin in violation of Waste Control Orders Nos. 10175–01 and 10175–02 and Section 21.251 of the Texas Water Quality Act and defendant, City of Friendswood, acting by

and through its officers, agents, or employees, has discharged municipal waste from two (2) outfalls in violation of special provisions of Waste Control Orders Nos. 10175–01 and 10175–02, posing an immediate threat of irreparable harm to the health of residents of the area and the general public from which the plaintiffs have no adequate remedy at law."

The order provided that the

"City of Friendswood, its officers, agents and employees be temporarily enjoined from causing, suffering, allowing or permitting discharge of any waste into Cowarts Creek and Clear Creek in the San Jacinto-Brazos Coastal Basin in violation of the Texas Water Quality Act and Waste Control Orders Nos. 10175–01 and 10175–02."

In a hearing on an application for a temporary injunction, the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending in a final trial of the case on its merits. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953).

The Board is made the principal agency for administering the Act. See Section 21.-253. The probable right of the Clear Creek Basin Authority to enforce the provisions of the Act depends upon Section 21.254. It begins:

"(a) Whenever it appears that a violation or threat of violation of any provision of Section 21.251 of this code or any rule, regulation, permit, or other order of the board has occurred or is occurring within the jurisdiction of a local government,

exclusive of its extraterritorial jurisdiction, the local government, in the same manner as the board, may have a suit instituted in a district court through its own attorney for the injunctive relief or civil penalties or both, as authorized in Subsection (a) of Section 21.253 of this code, against the person who committed, or is committing or threatening to commit, the violation. This power may not be exercised by a local government unless its governing body adopts a resolution authorizing the exercise of the power. In a suit brought by a local government under this section, the board is a necessary and indispensable party. (60th Legis., Ch. 313, Sec. 4.03, subsec. (a), as amended.)"

The pertinent provisions of Section 21.251 of the Act, entitled "Unauthorized Discharges Prohibited" are:

"(a) Except as authorized by a rule, regulation, permit, or other order issued by the board, or the executive director when authorized by the board, no person may:

(1) discharge sewage, municipal waste, recreational waste, agricultural waste, or industrial waste into or adjacent to any water in the state;

(2) discharge other waste into or adjacent to any water in the state which in itself, or in conjunction with any other discharge or activity, causes, continues to cause, or will cause pollution of any of the water in the state; or

(3) commit any other act or engage in any other activity, which in itself, or in conjunction with any other discharge or activity, causes, continues to cause, or will cause pollution of any of the water in the state, unless the activity is under the jurisdiction of the Parks and Wildlife Department, the General Land Office, or the Texas Railroad Commission, in which case this Subdivision (3) does not apply. (60th Legis., Ch. 313, Sec. 4.01, subsec. (a), as amended.)

"(b) . . . .

"(c) No person may cause, suffer, allow, or permit the discharge of any waste or the performance of any activity in violation of this chapter or of any rule, regulation, permit, or other order of the board. (60th Legis., Ch. 313, Sec. 4.01, subsec. (c), as amended.)"

The applicable subdivision of the Venue Statute, Article 1995, V.C.S., is subdivision 30:

"Special Venue—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

In Section 21.255 of the Texas Water Act, paragraph (a) states:

"A suit for injunctive relief or recovery of a civil penalty or for both injunctive relief and penalty may be brought either in the county in which the defendant resides or in the county in which the violation or threat of violation occurs."

Article 1996, V.C.S., provides:

"Where any part of a river, water course, highway, road or street is the boundary line between two counties, the several courts of each of said counties shall have concurrent jurisdiction in all cases over such parts of said river, (or) water course, . . . as shall be the boundary of such county in the same manner as if such parts of said river, (or) water course, . . . were within the body of such county."

■ We hold that as to the City's sewer treatment plant 1, the evidence supports the trial court's noticed findings and that Article 1996, when construed with subdivision 30 and Section 21.255 set out above, bestows upon the Authority the capacity to bring this cause in Harris County. We reach a different conclusion with regard to plant 2. Since its discharges of insufficiently treated effluent go into Cowarts Creek some 350 yards above where it empties into Clear Creek, we consider that the violations of Waste Control Order 10175–02 and of Sec. 21.251 of the Water Quality Act were shown to have occurred in Galveston County, not in Harris County.

In interpreting subdivision 9a of the Venue Statute, our Supreme Court examined a provision permitting a suit to be brought in the county where the act or omission of negligence occurred. Herbicides negligently sprayed into the air in one county had drifted into another, causing damage in the second. Held: an act can only occur where it actually takes place. "Occur" does not include the results of the occurrence but only the taking place, happening or coming to pass, hence venue could not be maintained in the county onto which the herbicides drifted. *Leonard v. Abbott*, Tex., 366 S.W.2d 925 at 927 (1963).

It appears that the trial court granted the injunction at the instance of both the Authority and the Board in that the Order of Temporary Injunction lists both the Authority and the Water Quality Board as plaintiffs and recites that the "plaintiffs" are entitled to temporary injunction. In another place it describes the Board as the intervenor. The order overruling the City's plea of privilege states that the plea was controverted by both the City and the Board.

As to the trial court's venue order, that part of the Board's cause based on discharges into Cowarts Creek in violation of Waste Control Order No. 10175–02 is severed and is reversed and remanded for entry of an order transferring that part of the cause to the District Court of Galveston County. The venue order is in all other respects affirmed. That part of the trial court's order temporarily enjoining discharges into Cowarts Creek in violation of Waste Control Order No. 10175–02 is also severed and is dissolved. The order of temporary injunction is in all other respects affirmed.