BELL STATIONS, INCORPORATED, Appellant,

v.

The STATE of Texas, Appellee.

No. 12981.

Court of Civil Appeals of Texas, Austin.

Nov. 14, 1979.

Rehearing Denied Dec. 12, 1979.

Tom H. Whiteside, Griffis & Griffis, San Angelo, for appellant.

Mark White, Atty. Gen., Jim Mathews, Asst. Atty. Gen., Austin, for appellee.

SHANNON, Justice.

This appeal is from the order of the district court of Tom Green County striking the plea of privilege of appellant Bell Stations, Incorporated. The basis for the order was the court's conclusion that Tex. Water Code Ann. § 26.125(a) (Supp. 1978–79) is jurisdictional in nature and requires the complaining party to file suit in the county in which the violation of the Code occurred or in the county of the defendant's residence.

Appellee State of Texas filed suit in district court in Tom Green County alleging that appellant permitted gasoline to seep from its underground storage tanks into the waters of the Leona Aquifer, all in violation of the Texas Water Code. By its suit, appellee sought injunctive relief and recovery of statutory penalties.

Appellee's authority for filing suit in Tom Green County is found in § 26.125(a) of the Code:

"A suit for injunctive relief or recovery of a civil penalty or for both injunctive relief and penalty may be brought either in the county in which the defendant resides or in the county in which the violation or threat of violation occurs."

Appellant filed its plea of privilege to be sued in Wichita County, the county of its residence. In its controverting affidavit, appellee relied upon Tex.Rev.Civ.Stat.Ann. art. 1995, § 30 (1964). Section 30 provides:

"Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Appellee filed a motion to strike appellant's plea of privilege claiming inasmuch as § 26.125 is jurisdictional in nature, a plea of privilege does not lie. The district court sustained the motion and recited in its order:

"1. That the venue provision pertinent to this action is found at Texas Water Code § 26.125(a) (Supp.1978), establishing venue either in the county of violation of the Texas Water Code or in the county of Defendant's residence;

2. That this venue provision is jurisdictional in nature, being that venue provided by the legislature in a cause of action which is the sole creature and creation of statute;

3. That Plaintiff State has a recognized legal right to select one of the two forums provided in this statutory venue provision and that the State has elected to sue in the county of violation (being Tom Green County, Texas); and

4. That accordingly, a plea of privilege will not lie against Plaintiff's choice of Tom Green County as the forum for litigation."

Appellant argues in opposition to the district court's conclusions that § 26.125(a) is a special venue statute contemplated by art. 1995, § 30. Accordingly, appellant maintains that because appellee did not offer proof of a cause of action existing in Tom Green County, the district court should have transferred the case to Wichita County.

Appellant states, correctly, that the only opinion that has been decided pursuant to § 26.125(a) is *City of Friendswood v. Clear Creek Basin Authority*, 545 S.W.2d 201 (Tex.Civ.App. Houston [1st Dist.] 1976, writ ref'd n. r. e.). *Friendswood* is authority for appellant's thesis that § 26.125(a) of the Water Code is brought within the scope of § 30 of art. 1995, and that pleading and proof of a violation in the county of suit is required to sustain venue as against a plea of privilege.

This Court, however, holds that § 26.125 is jurisdictional in nature. The reasons for our holding are set forth below. Appellant filed suit pursuant to § 26.121 of the Code. Section 26.121 prohibits, in general, the unauthorized discharge of wastes into the waters of this state. Section 26.123 empowers the agency to invoke the injunctive powers of the court to prohibit the pollution of such waters. By specifically providing relief by injunction, the legislature recognized the necessity for dispatch in such cases to prevent further pollution. Delay attendant to the ordinary plea of privilege practice could well jeopardize, in a particular instance, the purity of the waters that the legislature by the enactment of the Code has endeavored to protect. Reason suggests therefore that the legislature was of the view that the usual plea of privilege practice would be inappropriate in such cases and that the legislature probably intended by the passage of § 26.125 to confer jurisdiction to hear such cases upon the courts in the county of the defendant's residence or in the county in which the violation occurred or threatened to occur.

The opinion in *Friendswood* contains no analysis or discussion of the problem. The Houston Court of Civil Appeals assumed that § 30 of art. 1995 is applicable and that proof of a violation of the Code is necessary. There is no indication in the opinion that the parties joined issue concerning § 26.125(a) in presentation of the cause to the court.

With due respect, this Court declines to follow the implied holding of the court in *Friendswood*, and accordingly, we affirm the judgment of the district court. In view of our holding, this Court need not address appellant's other points of error.