## CULVER v. STATE et al.
### No. 3237.

Court of Civil Appeals of Texas. El Paso.
July 3, 1935.

Rehearing Denied Sept. 19, 1935.

Mayfield & Grisham, of Tyler, for appellant.

William McCraw, Atty. Gen., and Merton Harris, L. H. Engelking and Tom D.

Rowell, Jr., Asst. Attys. Gen., for appellees.

## PELPHREY, Chief Justice.

This is a suit by the state of Texas and its Railroad Commission for the recovery of penalties for violations of an order of the commission with respect to placing crude oil stock tanks on the lease on which a well is situated, or on an adjacent lease and for producing oil in excess of the amount allowable for appellant's well.

Upon a trial by the court penalties of $750 per day for a period of eight days were assessed and Culver has appealed.

### Opinion.

Appellant's five assignments of error and three propositions raise only two questions, viz.: (1) The constitutionality of article 6036, Revised Statutes, as amended by the Acts of 1931, Forty-Second Legislature, First Called Session, c. 26, § 3; and (2) the admissibility of the transcript of the testimony of a witness at a former trial.

Appellant's contention is that the statute is unconstitutional because it imposes excessive fines and authorizes unusual punishment (Const. Tex. art. 1, § 13); and because it violates the due process clauses of the Constitutions of Texas and of the United States (Const. Tex. art. 1, § 19; Const. U. S. Amend. 14).

The Austin Court of Civil Appeals ruled adversely to appellant on this identical contention in Culver et al. v. Smith, et al., 74 S.W.(2d) 754, and the Supreme Court refused a writ of error. The assignment must, therefore, be overruled.

The objections urged to the introduction of the transcript of the testimony of the witness are: That a proper predicate had not been laid for its introduction and that it was not properly verified.

The question as to whether a proper predicate had been laid rests largely in the discretion of the trial court and we cannot disturb his action in the matter unless a clear abuse of discretion is shown. 17 Tex. Jur. § 277, p. 660, and cases cited. We find no such abuse here.

The question of verification was not raised in the trial court and, of course, cannot be raised here for the first time.

The judgment is accordingly affirmed.