Earl D. BUTLER, Appellant,

v.

Estelle Louise Silas BUTLER, Appellee.

No. 15771.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 7, 1956.

Pritchett Harvey, Houston, for appellant.

Young, Young & Daggett, and Andrew C. Brown, Houston, for appellee.

MASSEY, Chief Justice.

Appellee Estelle Louise Silas Butler brought a suit for divorce against appellant Earl D. Butler, alleging the elements of and consummation of a common law marriage between the parties, the birth of one child (approximately four years of age at time suit was filed), acquisition of real estate occupied by appellee and child, and divorce grounds predicated upon appellant's cruel treatment of appellee. Joined with the prayer for relief in connection with the divorce was appellee's application for injunction pending trial on the merits.

Upon the hearing of the Show Cause Order issued upon appellee's application, an interlocutory order was entered awarding temporary custody of the child to appellee and directing the payment of $25 per week by appellant as alimony pendente lite and support for the child; impounding the real estate in question and awarding the use and occupancy thereof to the appellee and the child; and restraining and enjoining the appellant from any attempt to evict appellee or the child from said premises and from in any manner molesting appellee or coming about her place of abode or of employment.

From this order of the trial court the appeal was perfected.

Appellant primarily complains of the action of the trial court because, it is asserted, the evidence fails to establish the three essential elements of a common law marriage. Whether such a relationship ever existed was brought into question in this case. Since by adverting to the evidence it is established, at least prima facie, that the parties cohabited and lived together, and that they held each other out to the public as their respective spouses, we will not unduly extend our discussion in a dissertation based thereupon. Particularly is necessity therefore obviated since appellant does not seriously contend in his brief that proof was wanting in such particulars. But the question as to whether, as a predicate for such action by the parties, there was an agreement between them to then and thenceforth take each other for husband and wife is more troublesome. This would constitute an ingredient requisite to common law marriages in this State. Grigsby v. Reib, 1913, 105 Tex. 597, 153 S.W. 1124; De Shazo v. Christian, Tex.

Civ.App., Amarillo, 1945, 191 S.W.2d 495, writ refused, n. r. e., and cases cited.

 Appellant points out, and we agree, that no temporary injunction should issue unless a complainant makes out a prima facie case, that the writ should be withheld where there is no proof to justify its issuance, and that the burden of proof is upon the applicant to establish facts entitling him to the injunction. Appellee, in this instance, was required to prove that the parties had agreed to be husband and wife.

Upon the hearing, the attorney for the appellee put on only two witnesses, the first being a Mrs. Merkent, and the second the appellant under the adverse witness rule. Mrs. Merkent was the manager of the Pass Bureau for the Houston Belt & Terminal Railroad, in charge of the records relative to applications for passes on the railroad and for the issuance and use of passes. In the years 1953, 1954 and 1955, five applications for railroad passes were made by appellant for appellee as his wife. These applications were introduced during the course of Mrs. Merkent's testimony. Appellant himself testified thereafter that he had filed the applications, had claimed appellee as his dependent wife on income tax statements, had told his boss that she was his wife, had authorized appellee to charge items to his account at a local department store as his wife, had lived in the same house with appellee, had furnished the money to pay the expenses incident to the birth of the child, and had been instrumental in having the child named for himself and his father. At the same time, appellant testified that his relations with appellee were those of a lover rather than as a husband, and that prior to the trouble culminating in this divorce suit they had attempted to get married several times through a ceremonial performance, but that they had been unable to accomplish this because of difficulties incident to obtaining a health certificate. He further testified that appellee had refused to be his wife as a common law wife, but insisted she would only be his wife through a ceremonial marriage.

 It seems clear that there was sufficient proof to impliedly establish prima facie the "agreement" element requisite to common law marriages. It may be established by implication through proof of the other elements of common law marriages. Shelton v. Belknap, Tex.1955, 282 S.W.2d 682. At the same time proof was adduced, from the same original source, in denial of any agreement, express or implied. However, in the character of action from which this appeal is taken we do not perceive that our authority would include any right to reverse the trial court because we might formulate an opinion that the finding of fact upon which the order must necessarily be presumed to rest is against the greater weight and preponderance of the evidence. It must be remembered that in the hearing upon an application for a temporary injunction the only question before the court is the right of the applicant for relief to the preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. E. Weinstein & Sons, 1929, Tex.Com. App., 12 S.W.2d 959; Transport Co. of Texas v. Robertson Transports, 1953, 152 Tex. 551, 261 S.W.2d 549. In the present instance, the preservation of the status quo in no way accomplishes the objective of appellee's suit, and the issue of whether or not the parties were actually common law husband and wife will stand for a more extended trial on the hearing on the merits of the case.

 In our opinion, appellee made out a prima facie case, and we need not concern ourselves with any question of whether or not such facts making out such a case might be against the greater weight and preponderance of all the evidence which the parties might introduce upon the trial of the case on the merits. We have no function on this appeal from the interlocutory order of the trial court other than to determine whether the trial court abused

its discretion in entering the order. 24–A Tex.Jur., p. 382, "Injunctions", sec. 265, "Discretion and Its Abuse"; Texas Foundries v. International Moulders & Foundry Workers' Union, 1952, 151 Tex. 239, 248 S.W.2d 460. But for such abuse its action will not be disturbed on appeal. Transport Co. of Texas v. Robertson Transports, supra. When there is evidence in the record which, if standing alone and uncontradicted, supports the action of the trial court in issuing a temporary injunction writ, it could not be said that the court abused its discretion in so doing.

Judgment of the trial court is affirmed.