MAXWELL REALTY, INC., et al., Appellants,

v.

Morgan M. MAGEE, Appellee.

No. A2416.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 22, 1980.

Harvey A. Ford, Gary L. Crofford, Hofheinz, Harpold, McDonald & Fitzgerald, Houston, for appellants.

Jeffrey Lawrence Wilner, Henry Gonzales, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PRESSLER and JUNELL, JJ.

PRESSLER, Justice.

This is an appeal from an order denying a request for a temporary injunction. The appellants sued for breach of a lease agreement seeking to enjoin appellee from removing nine air conditioning units from the roof of the unfinished leased building and for money damages and unpaid rentals. Appellant alleged that the air conditioning units had been affixed to the roof and, therefore, under the terms of the lease agreement could not be removed upon the termination of the lease. We affirm the order of the trial court.

There were two lease agreements between the parties. Paragraph 17 of both lease agreements provided in part:

> On the termination of this Lease, Lessee shall have the right to remove such trade fixtures installed by lessee on the premises as are not permanently affixed to the premises, and which can be removed without damage and disfigurement to the premises, provided all rents have been paid and all obligations under this Lease fully performed.

It was on the basis of this lease provision that appellant requested the temporary injunction.

The appellant urges that the trial court abused its discretion by denying the temporary injunction because 1) the record reveals undisputed facts establishing that appellant had a probable right of recovery upon final hearing and a probable injury from the denial of the temporary injunction and 2) it based its denial on the finding of an adequate remedy at law even though there is no evidence in the record to support such a finding.

Appellate review of an order granting or denying a temporary injunction is limited to determination of whether there has been a clear abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). The question before the trial court is whether the applicant is entitled to preservation of the status quo pending trial on the merits. *Da-*

*vis v. Huey,* 571 S.W.2d at 862. To warrant the granting of a temporary injunction the Appellant need show a probable right and a probable injury. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953). It has also been said that there must be a finding of irreparable injury or an inadequate remedy at law. *Houck v. Kroger Co.,* 555 S.W.2d 803, 805 (Tex.Civ.App.–Houston [14th Dist.] 1975, writ ref'd n. r. e.).

■ An abuse of discretion does not exist where the trial court bases its decision on conflicting evidence. *Zmotony v. Phillips,* 529 S.W.2d 760 (Tex.1974); *Davis v. Huey,* 571 S.W.2d at 862. At the temporary injunction hearing. Mr. Burt Kahn, a registered professional engineer testified that the air conditioning units in question had been installed and were ready for duct work and electricity. He also testified that the units were resting on sleepers made of wood or foam, and that the exterior duct work had been completed. Counsel for the appellant on direct examination asked Mr. Kahn whether in his opinion the nine air conditioning units had been attached to the building. Mr. Kahn responded in the affirmative. On cross–examination, however, Mr. Kahn testified that the air conditioning units rested on the sleepers, and are not bolted to the roof or to the sleepers. Rather, the units are connected to the duct work and the duct work is attached to the roof. After further cross–examination Mr. Kahn testified that he did not know how the duct work was attached to the roof of the building in question.

Such testimony constitutes conflicting evidence sufficient to support an implied finding by the trial court that the appellant did not establish a probable right of recovery.

We thus hold that there was no showing of a clear abuse of discretion and overrule Appellant's first point of error.

Absent a showing or probable right of recovery the trial court properly denied the temporary injunction and we do not reach the Appellant's second point of error.

The order of the trial court denying the application for a temporary injunction is affirmed.