MERRILL LYNCH, PIERCE, FENNER AND SMITH, Appellant,

v.

Abraham MAGHSOUDI and Prudential-Bache Securities, Inc., Appellees.

No. 01–84–0153–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 11, 1984.

Kelly J. Coghlan, Vinson & Elkins, Kenneth E. Johns, Jr., Vinson & Elkins, Houston, for appellant.

Thomas T. Hutcheson, Andrew R. Harvin, Hutcheseon & Grundy, Houston, for appellees.

Before EVANS, C.J., WARREN, J., and KLINGEMAN, J. (Retired).

## OPINION

FRED V. KLINGEMAN, Associate Justice (Retired).

Merrill Lynch, Pierce, Fenner and Smith sued Abraham Maghsoudi and Prudential-Bache Securities, Inc., seeking damages and injunctive relief under theories of: (1) breach of contract, (2) illegal use of appellant's trade secrets, (3) tortious interference with contractual and business relations, (4) unjust enrichment, and (5) conspiracy. Upon the defendant's motion, the trial court entered an order staying trial proceedings, ordering arbitration, and denying Merrill Lynch's request for injunctive relief. Merrill Lynch appeals these actions.

The defendant Maghsoudi was formerly employed by Merrill Lynch as an account executive. At the time he was hired, he signed a contract in which he agreed that, in the event of his termination, he would not remove the originals or copies of Merrill Lynch's records and would not, for a period of one year thereafter, solicit its customers he had come to know while in its employ. The contract also contained the following provision relating to arbitration of disputes:

I agree that any controversy between myself and Merrill Lynch arising out of my employment, or the termination of my employment, with Merrill Lynch for any reason whatsoever shall be settled by arbitration at the request of either party in accordance with the Constitution and Rules of the New York Stock Exchange, then in effect.

Maghsoudi subsequently resigned from Merrill Lynch and began working for Prudential-Bache. Merrill Lynch's petition alleges that Maghsoudi solicited its customers and removed its records in contravention of the employment contract and that these acts were done with the knowledge and encouragement of Prudential-Bache.

The trial court denied appellant's requested relief and ordered the parties to proceed to arbitration on the basis of the Federal Arbitration Act, 9 U.S.C. (1976). Sections 3 and 4 of that Act provide:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

Merrill Lynch brings twelve points of error, making arguments that were recently urged and rejected in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum*, 666 S.W.2d 604 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). These arguments were squarely presented to the Texas Supreme Court in Merrill Lynch's application for writ of error, and that court refused to grant the writ, finding no reversible error. We thus are strongly inclined to follow the *McCollum* decision unless it may be distinguished. *See Culver v. State*, 85 S.W.2d 997 (Tex.Civ.App.—El Paso 1935, no writ).

On oral submission, Merrill Lynch argues that we should not follow the *McCollum* decision because it is still pending on motion for rehearing in the Texas Supreme Court. Merrill Lynch also argues that *McCollum* should be distinguished from the instant case because in *McCollum*, Merrill Lynch made only an "offer of proof", and did not make a full presentation of evidence as it did in the case at bar. Thus, Merrill Lynch asserts that the Texas Supreme Court's denial of its application in *McCollum* could have been predicated upon a finding that the record did not present an adequate evidentiary basis for a review of its points of error.

We disagree with this argument. Under section 3 of the Federal Arbitration Act, the trial court must determine whether the issues presented are "referable to arbitration under the agreement to arbitrate." Absent some showing that the allegations of the suit have been cast in bad faith, this determination is properly made without conducting an evidentiary hearing. *McCollum*, 666 S.W.2d 604.

Merrill Lynch also asserts that important policy considerations require this court to refuse to follow the holding in *McCollum*. Principally, Merrill Lynch urges that the *McCollum* decision, and other authorities to the same effect, will have a disastrous impact on the enforceability of protective covenants, because they will create a void during the period pending arbitration in which the party seeking to enforce the agreement will be denied any effective relief. We have noted, particularly on oral argument, that the parties are in substantial disagreement about the time required to obtain arbitration under the Act and also about preventative remedies that are available during the period pending arbitration. These same policy considerations were presented in *McCollum*, and we find no reason to rule contrary to that decision.

The judgment of the trial court is affirmed.