William GALTNEY, Stephen Drury and
Thomson McKinnon Securities
Inc., Appellants,

v.

UNDERWOOD NEUHAUS AND
COMPANY, Appellee.

No. B14–85–397–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 12, 1985.

Rehearing Denied Oct. 31, 1985.

Roger R. Wright, Jr., of Woodward, Hall & Primm, Alan W. Harris, of Andrews & Kurth, Houston, for appellants.

Frank G. Jones, of Fulbright & Jaworski, Robert S. Harrell, Fred Knapp, Jr., of Andrews & Kurth, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

MURPHY, Justice.

Appellants bring this accelerated appeal to contest a temporary injunction entered by the trial court to preserve the status quo pending arbitration and trial of the cause of action. In two points of error,

appellants dispute the trial court's jurisdiction to enter the temporary injunction and challenge the limitations imposed upon their efforts to cross-examine a witness and present evidence at the hearing on the injunction. We reverse and render in part and affirm in part.

Appellee, Underwood Neuhaus, instituted legal proceedings in April of 1985 against all three appellants. Appellee's suit alleged that appellants Drury and Galtney, in association with appellant Thomson McKinnon Securities, wrongfully appropriated trade secrets and related confidential documentary materials belonging to Underwood's Health Care Group. Several weeks before the suit was filed, appellants Drury and Galtney were dismissed from their employment in Underwood's Health Care Group. At the time of their departure, Drury and Galtney were apparently in possession of various documents vital to the operation of the Health Care division. Appellee feared that the information contained in these documents would be used to benefit Drury's and Galtney's new employer, appellant Thomson McKinnon. To prevent appellants' use of the purloined materials, appellee filed for a temporary restraining order and injunctive relief. The trial court granted the temporary restraining order and scheduled a hearing for the temporary injunction. Meanwhile, all three appellants filed motions to compel arbitration and stay all trial proceedings pending the outcome of the arbitration. The trial court granted the motion of appellant Thomson McKinnon and subsequently granted the motion of appellant Drury pursuant to an agreement of the parties. However, the court denied the motion of appellant Galtney and ordered the cause to proceed to trial.

On April 29, the court began a two-day hearing on appellee's application for the temporary injunction. Appellee offered testimony from six witnesses, at least two of whom were employees of appellant Thomson McKinnon. The trial court determined that the evidence adduced from the six witnesses was sufficient to warrant imposition of a temporary injunction. There-fore, the court did not permit appellants to present further testimony or complete cross-examination of one witness. The temporary injunction restricts the appellants from contacting clients named in the materials or making any other use of the information contained in the documents. The injunction remains in effect as to appellants Drury and Thomson McKinnon pending arbitration and as to appellant Galtney pending trial on the merits.

In their first point of error, appellants argue that the trial court did not possess the authority to enter injunctive restrictions against any one of the three appellants. They contend that the trial court erred and abused its discretion by conducting a hearing on and issuing the temporary injunction because this dispute is subject to arbitration under mandatory provisions of the Federal Arbitration Act, and the trial court lacked authority to conduct an injunction hearing or issue the injunction. A considerable portion of their argument under this point is devoted to the propriety of the trial court's order denying appellant Galtney's motion to stay proceedings and compel arbitration. An order overruling a plea in abatement is interlocutory in nature because the order does not finally resolve the controversy. *City of Arlington v. Texas Electric Service Co.,* 540 S.W.2d 580, 582 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.). Appellate courts are without jurisdiction to review interlocutory orders except under specific instances provided by statute. *Nowlin v. Wheeler,* 617 S.W.2d 809, 810 (Tex.Civ.App. —Houston [14th Dist.] 1981, no writ). Accordingly, we will not address the court's ruling on appellant Galtney's motion to stay, but concentrate our review solely upon the issue of the injunction.

Appellants focus their attack of the temporary injunction on the trial court's jurisdiction to enter the order. They contend that because the controversy is subject to arbitration, the jurisdiction of the court to dispose of matters related to the cause of action is preempted by federal

law. Appellants argue that the only permissible action the trial court may take is to stay the proceedings and compel arbitration. *See* Federal Arbitration Act, 9 U.S.C. § 3–4 (1976). The statute's terms are mandatory and embody a policy designed to protect the speed and integrity of the arbitration process. *Merrill Lynch, Pierce, Fenner and Smith v. McCollum,* 666 S.W.2d 604, 608 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), *cert. denied,* —— U.S. ——, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). The statute provides that the trial court shall stay the trial pending arbitration of the controversy. 9 U.S.C. § 3 (1976). Appellees urge that this language prohibits only the actual trial of the cause, leaving the court free to adjudicate any preliminary pre-trial matters. We feel that to construe the statute in the manner suggested by appellee would thwart the legislative intent of the statute. We instead find instructive our discussion in *McCollum,* which utilized a broader construction to the language of the Federal Arbitration Act. The statute prohibits trial court action involving any form of adjudication of the merits. *See McCollum,* 666 S.W.2d at 609. The findings which a trial court must make to determine the propriety of a temporary injunction constitute an impermissible invasion of the jurisdiction reserved exclusively to the arbitration process. *Merrill Lynch, Pierce, Fenner and Smith v. Maghsoudi,* 682 S.W.2d 593, 595 (Tex.App.—Houston [1st Dist.] 1984, no writ); *McCollum,* 666 S.W.2d at 699. We conclude that the trial court was without jurisdiction to enter the injunction as to appellants Thomson McKinnon and Drury. We sustain that portion of appellants' first point of error challenging the injunction and order the portion of the injunction which pertains to Thomson McKinnon and Drury be dissolved.

■ Appellant Galtney's controversy is not subject to arbitration and does not fall within the scope of the Federal Arbitration Act. Appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether the order constitutes a clear abuse of discretion. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). Injunctive relief may properly be granted to preserve the status quo pending the outcome of a cause of action. *Maxwell Realty Inc. v. MaGee,* 608 S.W.2d 283, 284 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). A temporary injunction is an appropriate remedy to prevent the use of wrongfully obtained materials which will cause detriment to the moving party. *Keystone Life Insurance Co. v. Marketing Management, Inc.,* 687 S.W.2d 89, 92 (Tex.App.—Dallas 1985, no writ). Appellee presented the trial court with an abundance of evidence to indicate that appellants were in the possession of secret and confidential client information which belonged to the appellee. If the information was used, appellee would suffer irreparable harm. In order to grant a temporary injunction, the court need only find a probable right which requires injunctive protection to prevent a probable injury. *Keystone Life Insurance Co.,* 687 S.W.2d at 92. We find no abuse of discretion in the trial court's decision to enter the temporary injunction as to appellant Galtney and overrule the portion of appellants' first point of error which contests the injunction as to Galtney.

■ Appellants lodge two complaints under their second point of error. They contest the trial court's limitation of their opportunity to cross-examine one of appellee's witnesses and refusal to receive evidence that appellant wished to present at the injunction hearing. The record reflects that appellants did not call any witnesses to testify. However, two of appellee's witnesses were employees of Thomson McKinnon, hence adverse witnesses. Upon inquiry from the court as to the number of witnesses appellants would call, counsel stated:

THE COURT: And, how many witnesses are you going to have?

MR. WRIGHT: I don't know right now, your Honor. Maybe not any. If they call most of our witnesses, I'll probably just ask my questions at that time.

But, I was just advising the Court that there are six employees of Thomson McKinnon, and—

Therefore, two of the possible six witnesses that appellant intended to call did in fact provide testimony. Further, appellants did not raise an objection specifically articulating a protest to the termination of the evidentiary stage of the hearing. Absent a timely objection and an affirmative ruling from the trial court, no error in the court's action is preserved for review. *O'Shea v. Coronado Transmission Co.*, 656 S.W.2d 557, 564 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

■ Under their second complaint appellants attack the limitations placed by the trial court upon their cross-examination of one of appellee's witnesses. A trial court is reasonably authorized to limit the proceedings in a temporary injunction. *Reading & Bates Construction Co. v. O'Donnell*, 627 S.W.2d 239, 244 (Tex.App.—Corpus Christi 1982, writ ref'd. n.r.e.). Once again, appellants failed to state an articulable objection to the trial court's action and obtain an affirmative ruling on their objection. Therefore, appellant's second point of error is overruled.

The judgment of the trial court is affirmed in part and reversed and rendered in part.

DRAUGHN, Justice, dissenting.

I respectfully dissent from the majority's decision to dissolve the injunction as to appellants Drury and Thomson McKinnon. Many federal courts (including the Second Circuit Court of Appeals in New York that handles a high volume of cases under the Federal Arbitration Act) have held that this Act does not prohibit the issuance of a temporary injunction pending arbitration. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048 (4th Cir.1984); *Sauer-Getriebe KG. v. White Hydraulics, Inc.*, 715 F.2d 348 (7th Cir. 1983), *cert. denied*, 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984); *Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064 (2d Cir.1972). I would adopt the reasoning in *Bradley*, 756 F.2d at 1054, to the effect that a temporary injunction preserving the status quo under circumstances such as these may be highly necessary to prevent irreparable harm. I agree with the appellee's assertion that arbitration may be futile if the status quo is not preserved pending the arbitrator's decision. A temporary injunction is a necessary and appropriate remedy in this situation. *David v. Bache Halsey Stuart Shields, Inc.*, 630 S.W.2d 754 (Tex.App.—Houston [1st Dist.] 1982, no writ).

Without a temporary injunction, the appellants stand to profit from actions that may well be determined during arbitration to have been wrongful. Further injury to the appellee could be prevented by our upholding the trial court's ruling. In the meantime, arbitration could likely be accelerated to minimize the injunction's adverse effects on the appellants. Therefore, I would overrule appellants' first point of error and uphold the trial court's imposition of a temporary injunction.