LAMBDA CONSTRUCTION COMPANY, a Texas Corporation, Zane Shullanberger, Jay Muennink and Holmes T. Bennett, Esq., Appellants,

v.

CITY OF ALICE, a Texas Municipal Corporation, Appellee.

No. 04–86–00404–CV.

Court of Appeals of Texas, San Antonio.

April 30, 1987.

---

Donald O. Ferguson, San Antonio, for appellants.

Ben H. Schleider, Jr., Houston, David A. Grose, Alice, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

This is an accelerated appeal.

Lambda Construction Company (Lambda), Zane Shullanberger, Jay Muennink and Holmes T. Bennett appeal the granting of a temporary injunction in favor of the City of Alice (City) enjoining appellants from proceeding with arbitration of disputed contract claims allegedly required by provisions of an arbitration clause in a contract between the parties.

In 1985 City invited and obtained bids for the construction of an expansion to its Southside Waste Water Treatment Plant. Lambda was the successful bidder. The bid proposal submitted by Lambda to the City provided:

> The undersigned (Lambda) further agrees that the contract is contingent upon Texas Department of Water Resources approval and release of loan funds from the Texas Water Development Board.

The agreement between the City and Lambda included a specific provision that:

> This contract is contingent on funding by the Texas Water Development Board.

The contract was signed by Lambda on November 11, 1985 and by the City a few weeks later. On April 4, 1986, the City was advised by the Texas Water Development Board that the construction project had been funded and that construction could commence. On the same day the City, through its manager, advised Lambda to proceed with construction.

On June 20, 1986, Lambda through its attorney, wrote to City to advise that Lambda was making claims for delay damages in the total sum of $215,000.00. Lambda advised that if such sum was not paid within thirty days, it would resort to arbitration under paragraph 46 of the general conditions to the agreement and

named Holmes T. Bennett, a San Antonio attorney, as its arbitrator.

The City took the position that preconstruction delay damages were not covered nor contemplated by the contract and were, therefore, not arbitrable. Hence, it filed a suit for declaratory judgment and sought ancillary injunctive relief against Lambda, Shullanberger and Muennink as officers and directors of Lambda and Bennett as the designated arbitrator. City sought to enjoin arbitration until such time as the court determines whether preconstruction delay damages is an arbitrable issue.

City's first Amended Original Petition sought a declaratory judgment construing the contract as (1) having had its arbitration provision revoked by City prior to the commencement of arbitration proceedings, (2) that the issue of delay damages is not an arbitrable issue and (3) that City is not liable for delay damages. The petition further asked for ancillary injunctive relief.

A hearing was held on August 1, 1986 solely on the issue of temporary injunctive relief.

The Order Granting Temporary Injunction recites in pertinent part:

... the Court finds and concludes that there is a reasonable probability that the City of Alice will prevail at the trial on the merits of this cause; ... that if Lambda Construction Company carries out that intention [to proceed with arbitration], it will thereby alter the status quo and tend to cloud or make ineffectual a judgment in favor of the City of Alice, ... unless the Defendant Lambda is enjoined from proceeding with arbitration proceedings, Plaintiff, City of Alice, will be without any adequate remedy at law in that the City would be (i) deprived of an opportunity for an orderly hearing on various legal issues necessary to be determined by the Court on the merits; ... In addition the Court finds that substantial issues exist between the parties to be tried on the merits, namely, whether or not the Federal Arbitration Act applies to the controversy between Plaintiff and Defendants; whether or not the Plaintiff has revoked the arbitration provisions of such contract; whether or not the issue of delay damages is an arbitrable issue under the contract between Plaintiff and Defendant, Lambda Construction Company and whether or not Plaintiff is liable for delay damages ...

City does not contend that the contract did not provide for arbitration. Rather its position is that the agreement to arbitrate was timely revoked and that in any event, the issue of delay damages is not an arbitrable issue.

Paragraph 46 of the contract provides:

All questions of dispute under this Agreement shall be submitted to arbitration at the request of either party to the dispute. The parties may agree upon one arbiter, otherwise there shall be three; one named in writing by each party, and the third chosen by the two arbiters so selected; or if the arbiters fail to select a third within ten days, he shall be chosen by the presiding officer, if a disinterested party, of the Bar Association nearest to the location of the work.

\* \* \* \* \* \*

The arbiters shall act with promptness. The decision of any two shall be binding on both parties to the contract. THE DECISION OF THE ARBITERS UPON ANY QUESTIONS SUBMITTED TO ARBITRATION UNDER THIS CONTRACT SHALL BE A CONDITION PRECEDENT TO ANY RIGHT OF LEGAL ACTION. The decision of the arbiter or arbiters may be filed in court to carry it into effect....

At a hearing upon an application for a temporary injunction the only question before the court is the right, of the applicant for relief, to the preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953); *Butler v. Butler*, 296 S.W.2d 635 (Tex.Civ.App.—Fort Worth 1956, no writ).

No temporary injunction should issue unless the applicant makes out a prima facie case, that is, the burden of proof is upon the applicant to establish facts entitling him to the injunction. But to warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. *Oil Field Haulers Ass'n v. Railroad Commission*, 381 S.W.2d 183 (Tex.1964). Where the pleadings and the evidence present a case of probable right and probable injury the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. *Transport Co. of Texas v. Robertson Transports, supra.* There can be no abuse of discretion in the issuance of a writ of injunction if the petition alleges a cause of action and the evidence adduced tends to sustain it.

The trial court abuses its discretion when the law is misapplied to established facts, or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery. *State of Texas v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526 (Tex.1975).

Appellant assigns five separate points of error, none of which directly addresses abuse of discretion in granting the temporary injunction.[1] In fact nowhere in appellant's brief is there reference to the standard of review to be employed by this Court in reviewing the trial court's action. All references are to the court's refusal to consider the propriety of arbitration, a matter specifically reserved for later resolution by the court.

As heretofore noted, our review of an order granting a temporary injunction is limited to determination of whether there has been an abuse of discretion in granting the writ of injunction. In fact it is error for this Court to review the grant or denial of a temporary injunction on the merits. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978).

Thus, without intruding upon the merits of the underlying cause of action there must be some evidence from which it may be concluded that at least some basis exists upon which City was entitled to a temporary injunction pending a final hearing. That is, the evidence must furnish any reasonable basis for concluding that the applicant has a probable right of recovery and the evidence need not establish that the applicant will finally prevail in the litigation. But it must at the very least tend to support a right of recovery. *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517 (1961).

The hearing on the temporary injunction was rather abbreviated. City presented the testimony of only three witnesses in discharging its burden. Joe Trejo, a city engineer, testified regarding the contract between the parties. Following introduction of the instrument in evidence, Trejo's testimony was confined to the contemplated expenses by the City of hiring expert witnesses to rebut the damage demand should the matter be subjected to arbitration.

Belinda Bonds, a secretary for Coym & Remet Engineering, the firm involved in the project covered by the contract, testified that she had placed a paragraph in the contract regarding contingency of funding by the Texas Water Development Board. Roel Valadez, the city manager, testified regarding the contract between the parties. He also acknowledged the expense the City would be subjected to if it was forced to undergo arbitration.

---

1. The five assignments are as follows:

 1. The trial court erred in granting a temporary injunction prohibiting arbitration of contract disputes between the parties.

 2. The trial court erred in failing to find that the contract between the parties is subject to the Federal Arbitration Act, 9 U.S.C. §§ 1–14.

 3. The trial court erred in failing to find that the Federal Arbitration Act, 9 U.S.C. §§ 1–14, preempts the Texas Arbitration Act, TEX.REV. CIV.STAT.ANN. art. 224 et seq.

 4. The trial court erred in failing to find that the appellant's claims are subject to arbitration.

 5. The trial court erred in failing to find that appellee's notice of revocation of arbitration agreement was void.

Additionally, City sought to establish through Valadez that it had given Lambda notice of revocation of the arbitration clause.

Lambda's sole witness, Zane Shullanberger, president of Lambda, testified that a portion of the equipment to be used in the construction project was obtained from out of state sources. The acknowledged purpose was to show that the agreement involved the Federal Arbitration Act because the project contemplated the use of equipment moving through interstate commerce.

 Based upon the meager evidence the trial court granted the temporary injunction.

There are no findings of fact and conclusions of law in the record, nor is there an indication that any were requested.

This case thus falls within the rule that it will be presumed that the trial court found facts, although not reflected by the record, that supports its judgment, *Landwer v. Fuller*, 187 S.W.2d 670 (Tex.Civ.App.—Amarillo 1945, writ ref'd w.o.m.), and the judgment will be upheld on any legal theory supported by the record. *Davis v. Huey, supra.*

Although Lambda's points of error complain of the trial court's failure to find various matters dealing with arbitration there are no findings either way. Nonetheless the court's judgment recites that it specifically reserves for later determination such issues as arbitration and revocation.

 We acknowledge the existence of such cases as *Galtney v. Underwood Neuhaus and Co.*, 700 S.W.2d 602 (Tex.App.—Houston [14th Dist.] 1985, no writ); and *Merrill Lynch, Pierce, Fenner and Smith v. Maghsoudi*, 682 S.W.2d 593 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum* 666 S.W.2d 604 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985); which support Lambda's contention that a trial court is precluded by the Federal Arbitration Act from entering a temporary injunction to maintain the status quo pending arbitration in any arbitrable dispute. The instant case, however is more akin to *CP & Associates v. Pickett,* 697 S.W.2d 828 (Tex.App.—Corpus Christi 1985, no writ) wherein the trial court temporarily stayed its decision on the question of arbitrability of the claim until a hearing to be held at a determined date. We agree with the Corpus Christi court that in such cases the court's act in granting a temporary injunction is reviewable under the abuse of discretion standard heretofore set out. Under that standard we have found no abuse of discretion and Lambda has made no effort to point to any in its brief.

The trial court's decision to grant a temporary injunction pending a hearing to determine arbitrability will not be overturned on appeal in the absence of a showing of clear abuse of discretion.

 We note that the cause has been set for hearing on the July 13, 1987 jury docket. We question the wisdom of such setting in view of the determination the trial court must first make on the question of arbitrability. We do not hesitate to point out that our affirmance of the trial court's action follows only because the trial court indicated its intention to speedily resolve the threshold question of arbitrability and that the temporary injunction was granted to that end.

Unnecessary delay in resolving this threshold question will adversely effect the parties by depriving them of their right to seek expeditious resolution of their claims. We trust the trial court will adhere to the two step inquiry outlined in *Merrill Lynch, Pierce, Fenner & Smith v. McCollum supra,* at such time as the issue of arbitrability is confronted.

Finding no clear abuse of discretion, the judgment of the trial court is affirmed.