**Motion to Review Further Orders Granted, Affirmed, and Memorandum Opinion filed August 3, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00241-CV

---

### SIENNA RANCH INVESTMENTS, LLC AND BROADWAY CONSTRUCTION, LLC, Appellants

### V.

### WALLER INDEPENDENT SCHOOL DISTRICT, Appellee

---

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 20-03-26027**

---

## M E M O R A N D U M   O P I N I O N

Sienna Ranch Investments, LLC and Broadway Construction, LLC appeal a temporary injunction enjoining them in part from continuing certain construction on land adjoining property owned by Waller Independent School District. Appellants began constructing an apartment complex on a tract of land neighboring an elementary school. After the developer's builder began filling and grading the

construction site, the school's property became inundated with an accumulation of standing water, depriving the school of the ability to use part of its property. As is relevant to today's case, the school district sought a temporary injunction to stop construction. After a hearing at which appellants did not appear, the trial court signed a temporary injunction, which has since been modified.

The property owner and builder filed this interlocutory appeal from the temporary injunction. They contend the temporary injunction is void because: (1) the school district failed to provide proper notice of the temporary injunction hearing; and (2) the school district was not required to post a bond.[1] We affirm.

## Background

Appellee Waller Independent School District ("Waller ISD") and appellant Sienna Ranch Investments, LLC ("Sienna") own neighboring tracts of land in Waller County. Waller ISD's tract is directly north of Sienna's tract. We publish here a map showing the relative locations of each tract, with Waller ISD's tract marked with the number 252607 and Sienna's property marked with the number 10027:

---

[1] During the pendency of this appeal, appellants filed a "Motion to Review Further Orders," in which they requested that we review the trial court's April 6, 2020 order modifying the March 10, 2020 temporary injunction order. We carried that motion with the case and now grant it.



Waller ISD constructed an elementary school on its tract. Subsequently, Sienna and appellant Broadway Construction, LLC ("Broadway") began developing and building an apartment complex on Sienna's tract. According to Waller ISD, until appellants' development of Sienna's land, surface water flowed across and drained from Waller ISD's tract in a northwest to southeast direction. However, after appellants filled and graded Sienna's tract, water began to accumulate on Waller ISD's property. According to the school district, appellants' development activities obstructed the natural or previously constructed drainage across Sienna's property, which caused Waller ISD's property to flood. A corner of Waller ISD's property that was previously dry allegedly "has been permanently inundated with a substantial accumulation of standing water, depriving Waller ISD of the use of that portion of the . . . property and creating a health, safety, and property hazard."

3

After an unsuccessful attempt to resolve the drainage issue in October 2019,[2] Waller ISD filed suit against appellants on March 4, 2020. Waller ISD asserted claims under the Texas Water Code and for negligence, gross negligence, intentional nuisance, and trespass. The school district also sought a temporary restraining order ("TRO") and temporary and permanent injunctions. The court clerk issued citation on March 4, 2020.

The trial court granted Waller ISD's request for a TRO on March 4 and set a hearing for March 9 on the school district's application for a temporary injunction. The court clerk issued citation of the TRO on March 4. On March 5, Waller ISD notified appellants of the lawsuit, TRO, and temporary injunction hearing by email and certified mail. Appellants say they did not timely receive either attempt at notice because the certified mail did not arrive until after the hearing, and the email was not discovered until after the hearing because it was routed to a spam folder.

At the March 9 hearing, appellants did not appear. Waller ISD presented evidence in support of its request for the temporary injunction. The trial court signed a temporary injunction order on March 10 entitling Waller ISD to "send and receive surface water on its property in the volume and manner which existed prior to construction of improvements" on Sienna's site. As well, the order enjoined appellants "from constructing improvements on or otherwise modifying the land" and from "impounding surface water upon their property and diverting it onto Waller ISD's . . . property." Additionally, the order required appellants to construct, at their "sole cost, a drainage ditch at or near the common boundary line of [the parties' properties,] which is capable of adequately capturing surface water from [Waller ISD's property] and restoring the natural course by emptying the same onto a

---

[2] Waller ISD notified appellants of the drainage issues by certified mail on October 15, 2019. Sienna responded on October 25 and denied liability.

4

detention pond located on [appellants'] lot or discharging the water in the same direction water previously flowed prior to [appellants'] construction of improvements on the site." The court set Waller ISD's bond at "zero ($0.00) dollars."

Appellants acknowledge that they ultimately received a copy of the lawsuit and TRO by regular mail on March 10. Additionally, they were personally served with the lawsuit and the TRO on March 13.

On March 24, Waller ISD filed a motion for sanctions, alleging that appellants were violating the temporary injunction. The next day, March 25, appellants filed a "Motion to Vacate or Modify the Temporary Injunction." They sought to vacate the injunction because they had not been properly notified of the hearing and because the court did not set a bond amount. Appellants alternatively sought to modify the temporary injunction to enjoin them only from construction work that would impact drainage on the worksite. They informed the trial court that the exterior buildings were complete and the remaining work would not impact drainage. Appellants also stated that preventing them from completing the apartment buildings could result in a loss of rental income in excess of $4.7 million for the upcoming school year.

On the same day that appellants filed their motion to vacate or modify the temporary injunction, they filed a motion to expedite its consideration on submission. Specifically, appellants requested the court to either: (1) consider the motion to vacate or modify before April 6 (which was the submission date of Waller ISD's motion for sanctions); or (2) modify the temporary injunction before April 6 to "allow [appellants] to do work that has no effect on drainage or the flow of surface water."

As these events developed, the COVID-19 pandemic began. On March 13, 2020, the Supreme Court of Texas issued its first in a series of emergency orders

5

permitting courts, subject only to constitutional limitations, *inter alia* to modify or suspend "all deadlines and procedures," to conduct remote proceedings, and to consider out of court sworn statements or testimony as evidence. *See* First Emergency Order Regarding the COVID-19 State of Disaster, 596 S.W.3d 265 (Tex. 2020). Pursuant to this order, the trial court issued its own emergency order on March 26, which notified the parties that appellants' motion to vacate or modify the temporary injunction and Waller ISD's motion for sanctions would be considered by submission on April 6. No party was required to physically appear for oral hearing. The court also ordered the parties to include in their submissions "any testimonial affidavits, exhibits, and legal briefs they deem appropriate to the matters at hand" prior to the date and time of submission.

Meanwhile, on March 30, appellants filed a notice of accelerated interlocutory appeal of the trial court's March 10 temporary injunction order.

In the days leading up to April 6, and in accordance with the trial court's emergency order, appellants filed two additional documents of relevance. First, on April 2, appellants filed supplemental evidence in support of their motion to vacate or modify the temporary injunction. Their supplemental evidence included two additional declarations and two exhibits reflecting site plans. Appellants offered these documents to "provide more detail regarding the status of the development of the apartment complex." One declaration was from a professional engineer, Hamid Othman, who stated:

> I am a licensed professional engineer. I have been retained by [Broadway] to work on a project involving the construction of an apartment complex comprised of nine housing buildings on land owned by [Sienna]. I am familiar with the property owned by Sienna, and I am familiar with Waller ISD's property immediately to the north of Sienna's property, because I have visited Sienna's property many times in my role as an engineer on the project for development of Sienna's

6

property, and I have viewed and analyzed the topography of both Sienna's property and Waller ISD's property.

Sienna's land is directly to the south of an elementary school recently constructed by Waller ISD. The natural flow of water in the area is from northwest to the southeast. The design of Sienna's apartment project was done to accept water that flows from Waller ISD's property. However, water is accumulating in a depressed area of Waller ISD's property. If this water were to flow to Sienna's property, Sienna's property would accept it. The plans for the development of Sienna's property did not raise the elevation at the border of Sienna's property and Waller ISD's property. Near the border of the property, a ditch was constructed that channels water eastward along the property border, then southward along the east border of Sienna's property.

The reason why water is accumulating at the school is not that Sienna's property will not accept it. Instead, the reason why the water is accumulating is that the school's property has a depression that is below the elevation at the property boundary. The construction at Sienna's property did not cause or contribute to the depression at Waller ISD's property. If Waller ISD's property had been designed to send water southward, rather than accumulate in the depression, Sienna's property would accept it.

Second, appellants filed a supplemental brief on April 6. In that document, appellants reiterated among other things their request "that the order be modified to permit [appellants] to complete construction sufficiently in advance of the new school year to permit [appellants] to lease their buildings to tenants." They argued that the only remaining work, if completed, would not affect drainage. Advising the court that they had already filed a notice of interlocutory appeal, appellants reminded the court that it retained jurisdiction to dissolve or modify the temporary injunction.

With all of these filings before it, the trial court denied the motion to vacate but granted in part and denied in part appellants' motion to modify the injunction. The court signed a new order on April 6, which provided:

> [Appellants] shall be allowed to conduct all work internal to the already constructed buildings such as interior and exterior finishing, plumbing,

HVAC, electrical, painting and all other work interior to the external walls of the already constructed buildings on the project, necessary to complete the buildings for their intended purposes; and

[Appellants] shall be allowed to construct any ditching, drainage, and other waterflow improvements on the subject property designed to remediate or relieve any flooding, or possible flooding, or water invasion onto [Waller ISD's] property from [appellants'] property, or water that may migrate or travel across [appellants'] property.

[Appellants] shall be allowed to complete any paving of streets, sidewalks, and other areas requiring either concrete or other paving materials around or surrounding the already completed buildings and any required entryway or access roads onto the [appellants'] property, providing such paving does not impact any water migration or water flow onto or across [Waller ISD's] property. Such allowances provided in this paragraph do not remove or affect the liability, if any, of [appellants] pertaining to past, present, or future water migration or flow of water onto [Waller ISD's] property.

The trial court additionally abated Waller ISD's motion for sanctions "during the pendency of the COVID-19 crisis or further Order of this Court." This order further specified that the previous temporary injunction order, as modified, "shall remain in effect and is hereby extended until this Court rules further on this matter."

### Issues Presented

In two issues, appellants contend the injunction is void and must be dissolved. First, appellants assert that Waller ISD failed to provide notice of the hearing in compliance with the rules of civil procedure. Second, appellants contend that the court's failure to set a bond amount renders the injunction void.

### Standard of Review

A temporary injunction preserves the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). However, a temporary injunction is an extraordinary

remedy that does not issue as a matter of right. *Id.* Instead, to obtain a temporary injunction, the applicant must plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* A trial court has broad discretion to grant or deny a request for a temporary injunction, and we will not reverse its ruling absent a clear abuse of discretion. *Wash. DC Party Shuttle, LLC v. Iguide Tours*, 406 S.W.3d 723, 740 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc). We may not substitute our judgment for the trial court's unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

## A. Presuming the hearing notice was inadequate, the record shows appellants received a meaningful opportunity to be heard.

In their first issue, appellants contend that it was improper for the trial court to grant the temporary injunction because they were not served with process and did not have notice of the temporary injunction hearing. They argue that the temporary injunction is void because: (1) Waller ISD did not provide proper notice "in the form of a writ issued by the clerk"; and (2) "an order rendered without notice on a party affected by the order violates due process and renders the order void." They also generally assert that the trial court abused its discretion in issuing the temporary injunction before they had an opportunity to present their defenses.

Rule of Civil Procedure 681 provides, "No temporary injunction shall be issued without notice to the adverse party." Tex. R. Civ. P. 681. One purpose of the notice requirement is to ensure that the adverse party has a meaningful opportunity to be heard. "The notice requirements of Rule 681 impliedly require that the adverse party have the right to be heard." *RRE VIP Borrower, LLC v. Leisure Life Senior Apartment Hous., Ltd.*, No. 14-09-00923-CV, 2011 WL 1643275, at *2 (Tex. App.—Houston [14th Dist.] May 3, 2011, no pet.) (mem. op.); *see Elliott v. Lewis*,

9

792 S.W.2d 853, 855 (Tex. App.—Dallas 1990, no writ); *Kramer Trading Corp. of Tex. v. Lyons*, 740 S.W.2d 522, 524 (Tex. App.—Houston [1st Dist.] 1987, no writ); *City of Houston v. Houston Lighting & Power Co.*, 530 S.W.2d 866, 869 (Tex. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). A trial court abuses its discretion in issuing a temporary injunction against a party who was not notified of the hearing. *E.g.*, *PILF Invs., Inc. v. Arlitt*, 940 S.W.2d 255, 259-60 (Tex. App.—San Antonio 1997, no writ).

Presuming without deciding that notice was inadequate, we need not reverse if the record shows that appellant was unharmed by the lack of adequate notice.[3] Here, appellants received a meaningful opportunity to be heard, with at least some positive results in their favor. After being served with process, appellants filed an answer and a motion to vacate or modify the temporary injunction. They asked that their motion to vacate or modify be considered on an expedited basis, which the court granted. They timely filed supporting evidence in compliance with the court's published submission notice, and they filed supplemental briefing. These documents and evidence were filed before the submission date of April 6, and we presume the court considered them. On April 6, the trial court modified the injunction and permitted appellants to continue the work necessary on the apartment complex to ready the apartments for leasing, so long as appellants refrained from impacting water migration or water flow onto Waller ISD's property. As well, the trial court abated Waller ISD's motion for sanctions "during the pendency of the COVID-19 crisis or further Order of this Court."

---

[3] Similarly, a party may waive a claim that it has not received a full and fair opportunity to be heard before a temporary injunction. *See Galtney v. Underwood Neuhaus & Co.*, 700 S.W.2d 602, 605 (Tex. App.—Houston [14th Dist.] 1985, no writ) (adverse party to a temporary injunction can waive error by failing to timely object to the court's action in limiting his opportunity to present evidence and by further failing to obtain an affirmative ruling on his objection).

Based on the above, we conclude appellants were afforded a meaningful opportunity to be heard on their defenses to the temporary injunction and suffered no harm from the presumed absence of adequate notice. *See Amalgamated ACME Affiliates, Inc. v. Minton*, 33 S.W.3d 387, 396 (Tex. App.—Austin 2000, no pet.) (lack of notice of temporary injunction hearing did not cause harm because party rejected trial court's offer for continuance of hearing); *Tex. Alcoholic Beverage Comm'n v. Amusement & Music Operators of Tex., Inc.*, 997 S.W.2d 651, 654-55 (Tex. App.—Austin 1999, pet. dism'd w.o.j.) (holding party had adequate opportunity to be heard on temporary injunction issues because it briefed them to court subsequent to hearing in response to amended petition, all of which were on file at the time the court signed temporary injunction); *cf., e.g.*, *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (explaining that the failure to give notice of the submission date for a summary-judgment motion constitutes error, but such error is rendered harmless when the trial court considers the nonmovant's response and reconfirms its ruling); *Anambra State Cmty. in Houston, Inc. (ANASCO) v. Ulasi*, No. 14-16-01001-CV, 2018 WL 1611644, at \*2-3 (Tex. App.—Houston [14th Dist.] Apr. 3, 2018, no pet.) (mem. op.) ("Although appellant was not provided with notice of the trial court's intent to dismiss the case for want of prosecution prior to the dismissal hearing, appellant was afforded its due process rights because it did receive actual notice of the dismissal order in time to file a motion to reinstate, and a hearing was held on that motion."); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Appellants have not identified any matters or evidence that they would have presented in response to Waller ISD's injunction request but were unable to present because of insufficient notice.

Under these circumstances, we conclude that appellants have not

demonstrated reversible error.  We overrule appellants' first issue.

**B.      The temporary injunction is not void for failure to set a bond amount.**

In their second issue, appellants assert that the temporary injunction issued by the trial court is void because it does not require a bond.

Before granting a temporary injunction, the trial court must require the applicant to post a bond in the sum fixed by the trial court payable to the adverse party.  Tex. R. Civ. P. 684.  The bond's purpose is to secure payment to the party against whom the injunction is granted in the amount of damages the party would suffer if the injunction is subsequently held to be wrongfully issued and is dissolved. *See Williard Capital Corp. v. Johnson*, No. 14-16-00636-CV, 2017 WL 3567914, at *4 (Tex. App.—Houston [14th Dist.] Aug. 17, 2017, no pet.) (mem. op.); *Hsin-Chi-Su v. Vantage Drilling Co.*, 474 S.W.3d 284, 304 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).  Setting the amount of a bond lies within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion. *Williard Capital Corp.*, 2017 WL 3567914, at *4; *Hsin-Chi-Su*, 474 S.W.3d at 304.

The provisions of rule 684 are mandatory, and generally an injunction order issued without a bond is void. *Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983). However, "[a] school district may institute and prosecute suits without giving security for cost and may appeal from judgment without giving supersedeas or cost bond." Tex. Civ. Prac. & Rem. Code § 6.004.  While section 6.004 does not facially exempt a school district from posting a temporary injunction bond, this court has construed a similar provision exempting various state departments and counties from posting bonds for court costs or appeals as operating to also exempt them from posting a temporary injunction bond. *See Vibber v. Unauthorized Practice Comm.*, 575 S.W.2d 88, 89 (Tex. App.—Houston [14th Dist.] 1978, no writ) (concluding that Tex. Rev. Civ. Stat. art. 279a, now codified as Tex. Civ. Prac. & Rem. Code §

12

6.001, exempted the appellee—a state agency—from posting a temporary injunction bond); *see also West v. Ellis County*, 241 S.W.2d 344, 346 (Tex. App.—Waco 1951, no writ) (county not required to post temporary injunction bond).

Under these circumstances, we cannot say the trial court abused its discretion in setting the bond amount at $0.00. We overrule appellants' second issue.

## Conclusion

On the record before us, appellants have not shown the trial court clearly abused its discretion in granting Waller ISD's application for a temporary injunction. Accordingly, we overrule appellants' issues and affirm the trial court's order.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Jewell, Bourliot, and Hassan.

13