TRANSPORT COMPANY OF TEXAS ET AL V.
ROBERTSON TRANSPORTS *I*NCORPORATED ET AL.

No. A-4144. Decided October 7, 1953.
Rehearing overruled November 11, 1953.
(261 S.W. 2d Series 549)

552

*Kelley, Looney, McLean & Littleton and Jackson Littleton,* all of Edinburg, and *Austin L. Hatchell* and *Walter Caven,* both of Austin, for petitioners.

The Court of Civil Appeals erred in holding that "the order granting the temporary injunction is void because it does not set forth the reasons for its issuance," there being reasons for the issuance. of the order set forth therein and the said order substantially complying with the rules. Lawrence v. St. Louis & S. F. Ry. Co., 247 U.S. 588, 47 Sup. Ct. 720, 71 L. Ed. 1219.

*John Ben Sheppard,* Attorney General, *Dean J. Capp,* As-

# 553

sistant Attorney General for the Railroad Commission, and *Albert G. Walker,* of Austin, *Bracewell and Tunks,* and *Harry Patterson,* of Houston, for respondents.

In support of the judgment of the Court of Civil Appeals cited, Hodges v. State, 198 S.W. 2d 150; O'Daniel v. Libal, 196 S.W. 2d 211; Thompson v. Railroad Commission, 150 Texas 307, 240 S.W. 2d 759.

MR. JUSTICE CALVERT delivered the opinion of the Court.

A preliminary statement of the factual background of this case will serve to point up the questions before this court for determination.

On December 30, 1948, respondent, Robertson Transports, Inc., then holding a certificate as a specialized motor carrier, filed its application with the Railroad Commission of Texas for an amendment to the certificate which would authorize it to transport certain named chemicals as well as "liquid chemicals in bulk". On motion of other carriers, protesting the application, the examiner for the commission struck the general phrase "liquid chemicals in bulk" from the application, and the order of the Commission thereafter entered on April 9, 1949, amended the existing certificate so as to authorize the transportation of some twenty chemicals specially named. Suit to invalidate that order was filed by protesting carriers, many grounds of invalidity being asserted, and in due course this court by its judgment in the case of Thompson v. Railroad Commission, 150 Texas 307, 240 S. W. 2d 759, invalidated the order because of the failure of the Commission to make certain statutory fact findings. Thereafter, Robertson filed a new application for an amendment of its certificate to permit it to transport the named chemicals and the application was granted by order of the Commission on July 18, 1951. No appeal was taken from that order.

On June 18, 1952, Robertson filed with the Commission the application involved in this suit by which it sought an amendment of its certificate so as to be authorized to transport "chemicals, liquid chemicals and chemical products in bulk in tank trucks to, from and between all points in Texas." The application was opposed by petitioners, Transport Company of Texas, R. P. York, d/b/a New York Transport Company, and York Transport Company, Inc., and by the Texas Railroad Association representing the rail lines of Texas. After a hearing the Com-

mission ordered the amendment sought. A motion for rehearing was overruled.

Fifty seven days after the motion for rehearing was overruled, this suit was filed by petitioners to invalidate and set aside the Commission's order, the petition seeking also a restraining order and a temporary injunction, pending a trial on the merits, to restrain and enjoin Robertson from operating under the order. A restraining order was granted and a hearing was set on the prayer for a temporary injunction. To the prayer for a temporary injunction respondent, Robertson filed a plea in abatement by which it set up: (1) that petitioners had an adequate remedy at law by their right of advancement of the case for trial on the merits; (2) that a temporary injunction would accomplish the whole object of the suit; (3) that a temporary injunction would destroy rather than preserve the status quo, and (4) that petitioners were not entitled to the equitable relief sought because they had been guilty of laches in filing the suit. The plea in abatement was overruled and the trial court granted a temporary injunction as prayed for.

Respondent had many points of error before the Court of Civil Appeals but that court considered only the point that the trial court's order granting the temporary injunction did not set forth the reasons for its issuance as required by Rule 683, Texas Rules of Civil Procedure. It sustained the point and reversed the judgment of the trial court and dissolved the injunction, 256 S.W. 2d 134.

Rule 683 provides in part: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; * * *."

The trial court's judgment found that by the Commission's order of July 18, 1951, Robertson had been authorized to transport certain named chemicals and continued:

"that the said order of August 19, 1952, extends the authority of the prior order to include an authorization to transport all liquid chemicals of any nature whatever both present and future; that if the defendant, Robertson Transports, Inc., proceeds to operate under said order of August 19, 1952, and such extension of authority, he would interfere with the markets established by the plaintiffs and would probably divert freight ton-

nage and revenue from the plaintiffs, that such interference with customers and markets and diversion of freight tonnage and revenues would result in irreparable and inestimable damage to the plaintiffs; that the plaintiffs in said hearing have made a proper showing of a probable right and probable injury of the matters in the temporary injunction prayed for. * * *."

The Court then ordered "that the clerk of this court issue a temporary writ of injunction pending a final hearing and determination of this cause restraining and enjoining the defendant, Robertson Transports, Inc., from operating or commencing to operate under the order of the Railroad Commission of Texas issued to the said defendant under date of August 19, 1952."

There is but little authority on the precise question here involved. As authority for its holding that the order was fatally defective under the Rule, the Court of Civil Appeals cited the cases of Gonzalez v. Rodriquez, Texas Civ. App., 250 S. W. 2d 253, (no writ history), and O'Daniel v. Libal, Texas Civ. App., 196 S. W. 2d 211, (no writ history). The opinion in the Gonzalez case undoubtedly stands for the proposition for which the Court of Civil Appeals cited it, that is, that the provisions of Rule 683 are mandatory, but the opinion in that case reflects, if it reflects anything in that regard, that the order there reversed contained no reasons for the granting of the writ. In the O'Daniel case a temporary injunction was sought to restrain the defendant from using a barn located in a residential area for the storing and selling of livestock. After hearing evidence, the trial judge orally advised the parties that he would grant the writ and gave his reasons therefor, but the judgment first entered simply ordered the clerk to "issue a writ of injunction in all things as prayed for in plaintiff's petition." The Court of Civil Appeals, after stating that "the purpose of the Rule above referred to (683) is to inform a party just what he is enjoined from doing and the reasons why he is so enjoined," (196 S.W. 2d 214), nevertheless expressed the opinion that the order was in sufficient compliance with the rule because the party "knew what he was enjoined from doing and the reasons why."

In addition to the foregoing cases, respondent cites Hodges v. State, Texas Civ. App., 198 S. W. 2d 150 (no writ history) and Mayflower Industries v. Thor Corporation, C.C.A. 3rd. Cir., 182 Fed. 2d 800, 801 as supporting the holding of the Court of Civil Appeals. In both of those cases the order under attack failed to set out any reasons for the granting of injunctive relief.

Rule 683 was adopted from the Rules of Federal Procedure (28 U.S.C.A.), where it is found as Rule 65(d). One United States District Court held sufficient an injunctive order which contained as a reason therefor only that "irreparable damage may result." In re Rumsey Mfg. Corp., 9 F. R. D. 93; reversed on other grounds, McAvoy v. United States, 178 Fed. 2d 353 (U.S.C.C.A., 2nd Circuit). But we need not go so far in this case for the order here involved contains much more.

■ In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Texas Com. App., 12 S. W. 2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Texas Civ. App., 270 S. W. 220, 223; Nagy v. Bennett, Texas Civ. App., 24 S. W. 2d 778, 781; High on Injunctions, 4th. Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Texas 239, 248 S. W. 2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Texas 560, 99 S. W. 2d 263, 109 A.L.R. 1235.

■ With the foregoing rules in mind, we can not interpret the provisions of Rule 683, as the respondent seems to think we should, to require that the court's order granting a temporary injunction should specifically find and set forth the reasons why the court believes it probable that the applicant will prevail on a final trial on one or more of the issues made by the pleadings. We interpret the Rule to require in this respect only that the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue. If the

party enjoined wishes detailed findings of fact and conclusions of law he may seek them under the provisions of Rules 296 and 385 (e).

■ In the case at bar the trial court's order contained an express finding that the petitioners had made "a proper showing of a probable right and a probable injury", and set forth as reasons for the granting of the writ that if respondent operated under the amended permit "he would interfere with the markets established by the plaintiffs and would probably divert freight tonnage and revenue from the plaintiff" and that such interference with customers and markets and diversion of freight tonnage and revenues would result in irreparable and inestimable damage to the plaintiffs". This we deem to be a sufficient compliance with the requirements of Rule 683.

The judgment enjoined the respondent from operating under the order of the Commission of August 19, 1952. It is not, nor could it successfully be contended by respondent that the order is insufficient to describe the act or acts sought to be restrained.

We cannot agree with the contention of respondent that the issue on this appeal is governed by the substantial evidence rule and that the judgment granting the temporary injunction should be reversed if the record made in the trial court reflects that the Commission's order is supported by substantial evidence. No case so holding has been cited to us, but, on the contrary, there are a number of cases in which the usual and customary rules governing appeals from the granting of temporary injunctions were applied in reviewing similar orders restraining the enforcement of administrative orders. For examples, see Railroad Commission v. Shell Oil Co., 146 Texas 286, 206 S.W. 2d 235, 242-243; Southwestern Greyhound Lines v. Railroad Commission, 128 Texas 560, 99 S.W. 2d 263, 270, 109 A.L.R. 1235.

■ While the question of whether an administrative order is supported by substantial evidence is a question of law, it can only be determined from a review of the entire record after a full and final hearing in the trial court. Board of Firemen's Relief & Retirement Fund Trustees, etc. v. Marks, 150 Texas 433, 242 S.W. 2d 181, 27 A.L.R. 2d, 965; Thomas v. Stanolind Oil & Gas Co., 145 Texas 270, 198 S.W. 2d 420; Hawkins v. Texas Co., 146 Texas 511, 209 S.W. 2d 338; Jones v. Marsh, 148 Texas 362, 224 S.W. 2d 198. The entire record is not made until

a trial on the merits has been had. We cannot assume that the evidence taken on the final trial of this case will be the same as the evidence introduced in the preliminary hearing and a decision on the question would be premature at this point. Railroad Commission v. Shell Oil Co., 146 Texas 286, 206 S.W. 2d 235, 242.

Neither can we agree with respondent's contentions that the writ here granted accomplishes the whole object of the suit, or that it destroys rather than preserves the status quo, or that the record establishes such laches on the part of the petitioners as to defeat their right to equitable relief.

The object of the suit is to invalidate the Commission's order. The temporary injunction stays respondent's right to operate under the order only until a trial of the issues in the case can be had.

■ The "status quo" to be preserved by temporary injunction is "the last actual, peaceable, noncontested status which preceded the pending controversy". Hartley v. Brady, Texas Civ. App., 114 S. W. 2d 406, 408; Dickard v. Crawley, Texas Civ. App., 230 S. W. 2d 833, 834. The status quo in this case was the status of the controversy as it existed prior to the entry of the Commission's order on August 19, 1952. Railroad Commission v. Shell Oil Co., 146 Texas 286, 206 S. W. 2d 235, 242. If the Commission's order granting the certificate created the status quo, as respondent contends, a plaintiff could never obtain temporary relief from operation under an invalid order even though his business was threatened with destruction before a trial on the merits could be had.

Petitioners' right to file their suit accrued when the Commission's order became final, not when respondent began operations thereunder. Board of Water Engineers v. Colorado River Municipal Water Dist., 152 Texas 77, 254 S. W. 2d 369. But, while fifty-seven days seem an unreasonable delay in the filing of a suit in which the issues were already made, there is yet no such evidence in the record as requires a reversal of the trial court's judgment overruling respondent's plea of laches. There is no evidence that respondent was led by the delay to act to its material disadvantage. Culver v. Pickens, 142 Texas 87, 176 S. W. 2d 167, 170. True, the testimony reflects that respondent purchased a compartmentalized truck and solicited business after the Commission's order was entered, but the testi-

mony also reflects that the truck was useful to transport chemicals which respondent already had authority to transport and that negotiations for some of the business had been going on for a year in anticipation that the certificate would be amended.

The situation last discussed commends itself to the attention of the legislature. Parties who have received favorable action at the hands of an administrative body are entitled to know when they may avail themselves of the benefits of that action without risk to their capital and labor, and parties who are aggrieved by administrative rulings are entitled to have definite time limits fixed within which to perfect an appeal or file a suit, as the case may be. A law prescribing a uniform period within which such appeals or suits could be filed would solve the problem.

The judgment of the Court of Civil Appeals dissolving the temporary injunction and remanding the cause is reversed and the temporary injunction entered by the trial court is reinstated.

Opinion delivered October 7, 1953.

Rehearing overruled November 11, 1953.