W. H. CUNNINGHAM et ux., Appellants,

v.

TEXAS PACIFIC OIL COMPANY, Inc., Appellee.

No. 4517.

Court of Civil Appeals of Texas, Eastland.

Dec. 10, 1971.

R. H. Munsterman, Levelland, for appellants.

Allison & Davis, John H. Davis, Levelland, for appellee.

WALTER, Justice.

W. H. Cunningham and wife have appealed from a judgment granting a temporary injunction against them in favor of Texas Pacific Oil Company enjoining them from interfering with the oil company's rights of ingress and egress to and from a farm belonging to the Cunninghams. Among other things the judgment provides:

"1. Plaintiff, TEXAS PACIFIC OIL COMPANY, INC. is a unit operator of the Southeast Levelland Unit in Hockley County, Texas, and by virtue of said Unit Agreement as ratified by the Defendants, W. H. CUNNINGHAM and wife, DONNA B. CUNNINGHAM, and the assignment to Plaintiff of one certain Oil and Gas Lease executed by Defendants, W. H. CUNNINGHAM and wife, DONNA B. CUNNINGHAM, dated August 2, 1947, Plaintiff has the superior right to enter upon and use so much of the surface of Labor 1, League 43, Rains County School Lands, Hockley County, Texas, as may be reasonably necessary to the use and enjoyment of the rights granted and conveyed to it under the terms of said lease and said Unit Agreement."

In Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953) the Court said:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W. 2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8."

The appellants contend the court erred in granting a temporary injunction because the oil company had four other available routes and there was no necessity of constructing the access road in question which appellants contend interferes with the use of their turn row, their irrigation system and the quiet use of their home. They further contend the court abused its discretion in granting the temporary injunction.

In Southwestern Chemical & Gas Corporation v. Southeastern Pipe Line Company, 369 S.W.2d 489, at page 495 (Tex. Civ.App.1963, no writ hist.) the Court said:

"The purpose of a temporary injunction is to maintain the status quo in regard to the matter in controversy and not to determine the respective rights of the parties under the cause of action asserted or defenses urged.

"The status quo to be preserved by temporary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy. Transport Company of Texas v. Robertson Transports, 1953, 152 Tex. 551, 261 S.W.2d 549."

In Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952) the Court said:

"The test announced by this court is:

'If the petition does allege a cause of action and evidence tending to sustain such cause of action is introduced, then there is no abuse of discretion by the trial court in issuing the temporary injunction.' "

We have concluded that appellants have not discharged their burden of establishing that the trial court abused his discretion in granting the temporary injunction.

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.