Sarah COBURN, Appellant,

v.

Alfred MOORE, Appellee.

No. 18784.

Court of Civil Appeals of Texas, Dallas.

Nov. 13, 1975.

---

1. The indictment does not allege that arson was attempted "wilfully."

2. See *Sizemore v. State,* 496 S.W.2d 80 (Tex.Cr. App.1973).

**138**

Michael M. Daniel, Dallas Legal Services Foundation, Inc., Dallas, for appellant.

Alfred Moore, pro se.

AKIN, Justice.

This is an appeal from an order of the district court denying a temporary injunction. Plaintiff-lessee sought a temporary injunction enjoining defendant-lessor from (1) refusing to allow various utility companies access to the premises; (2) evicting or attempting to evict plaintiff; and (3) filing or prosecuting a forcible detainer action. Additionally, plaintiff prayed judgment for damages for breach of the lease contract and foreclosure of a lien securing such damages pursuant to Tex.Rev.Civ.Stat.Ann. art. 5236 (Vernon 1962). By written amended brief, plaintiff-appellant has limited her appeal to the trial court's denial of injunctive relief with respect to defendant's attempt to evict her without judicial process.

In an application for a writ of temporary injunction, the applicant is not required to establish that he will prevail on the final trial, but he must plead a cause of action and show a probable right to the relief he seeks and probable injury in the interim. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968); *Transport Company of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953); *Electronic Data Systems Corp. v. Powell,* 524 S.W.2d 393 (Tex.Civ.App.-Dallas 1975, writ ref'd n. r. e.). In temporary injunction cases, the question presented on appeal is whether the trial judge abused his discretion in issuing or refusing the writ. *Transport Company of Texas v. Robertson Transports, supra; Electronic Data Systems*

*Corp. v. Powell, supra.* We find no abuse of discretion and, therefore, affirm.

On August 28, 1974, plaintiff moved into an apartment located at 4802 Live Oak, Dallas, Texas. On May 1, 1975, she moved into another apartment at the same address. At that time, plaintiff and defendant entered into an oral lease creating a week-to-week tenancy of a furnished apartment. Defendant was to provide utilities and plaintiff was to pay $25 per week. After plaintiff moved into this apartment, she discovered the roof leaked. Because of this, plaintiff refused to pay the rent until the roof was repaired. On July 18, 1975, after defendant assured her that the roof had been repaired, she paid him the rent until July 25. The roof continued to leak, however, and on July 25, 1975, plaintiff told defendant that she would not pay rent until the roof was satisfactorily repaired. At the time of the temporary injunction hearing on August 22, plaintiff had not paid rent since July 18. Defendant testified that, because the rent had not been paid, he terminated the lease on July 25. This was confirmed by plaintiff's testimony. At the time the district court entered its order, plaintiff still resided in defendant's apartment; however, on this date there was pending a forcible detainer action in the justice court to evict plaintiff from the premises.

During the hearing on the temporary injunction, there was conflicting testimony whether the defendant had interfered with plaintiff's access to the premises by removing and/or repairing certain stairways and whether the defendant wrongfully interfered with plaintiff's utilities which apparently had been placed in her name. Presumably, the trial court resolved these conflicts against plaintiff.

Plaintiff introduced no evidence of monetary damages sustained as a result of the leaking roof or otherwise. In view of her occupancy of the premises from July 25 to the time of the hearing, without payment of rent, the trial court could properly conclude that she had no probable right to recover damages in excess of the amount of

rent she owed, and, therefore, that she had no substantial claim to be secured by a lien under art. 5236. Consequently, we hold that denial of the temporary injunction was within the court's discretion.

Affirmed.