**TUESDAY MORNING, INC., Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

No. 16903.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 11, 1977.

Crowder, Mattox & Morris, Allen R. Morris, Dallas, for appellant.

Otis H. King, City Atty., Dale M. Tingleaf, Asst. City Atty., Houston, for appellee.

PEDEN, Justice.

Tuesday Morning, Inc. appeals from the refusal to vacate an order temporarily enjoining it from selling any of the merchandise listed in Section 1 of Article 9001, Vernon's Texas Civil Statutes, on both the two consecutive days of Saturday and Sunday. Appellant complains that this order fails to comply with Rule 683, Texas Rules of Civil Procedure, in that it does not state the reasons for granting it. Appellant also asserts that the trial judge abused his discretion in not finding that the alleged violations fell within the "occasional sales" exception of Article 9001, V.T.C.S. We affirm.

These facts of the case, stipulated by the parties, were set forth in the trial court's order:

1) That the defendant, through its officers, agents, servants and employees operates in Harris County, Texas in the City of Houston and sells goods, wares and merchandise prohibited by Art. 9001, Vernon's Annotated Civil Statutes, on eleven weekends out of the year, said weekends including Saturday and the following Sunday.

2) That said articles being sold by defendant on said weekends are prohibited by Section 1 of Article 9001 of Vernon's Annotated Civil Statutes.

3) That defendant maintains that he is not in violation of said Art. 9001 because such sales fall within Section 5 of said statute and fall within the category of being "occasional sales."

4) That the periods of operation by the defendant in the City of Houston comprise four 20 day periods in each calendar year and each said 20 days includes two Saturdays and the following Sundays as prohibited by Art. 9001 of Vernon's Annotated Civil Statutes.

5) That defendant during the 20 day periods when he is selling prohibited articles has one representative from his main store in Dallas and employs six employees in the City of Houston parttime for the purpose of operating his outlet here in the City of Houston on the first day of each such 20 day period and three temporary employees thereafter.

6) That the goods, wares and merchandise sold by defendant during the periods of operation in the City of Houston do not fall within any exemptions allowed under said Art. 9001 and specifically Section 2 thereof.

Appellant argues under its first point of error that the order does not meet the mandates of Rule 683 because it 1) fails to state the reason for its issuance, 2) does not give a reason why an injury will be suffered if relief is not granted, and 3) fails to make any finding on the status of appellant's operation under the occasional sales exception.

Under Rule 683 the reason for the granting of a temporary injunction must be stated in the order. The trial court need

not explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered. *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953).

Article 9001, V.T.C.S., was transferred from Article 286a, Vernon's Penal Code, by authority of § 5 of Acts 1973, 63rd Legislature, p. 995, ch. 399.

"Section 4 of Art. 286a [now Art. 9001 V.T.C.S.] declares the violation of that Act be a public nuisance, and it authorizes an injunction restraining the violation. By reason of this statutory provision, a violation of Art. 286a [now Art. 9001] during the pendency of the suit for permanent injunction becomes an injury to the public which may be enjoined. It is a sufficient reason for the interlocutory order that a party is violating this statute and will otherwise violate it in the interim pending final disposition of the case.

"   .    .    .

"Without Section 4 of the statute, it would be necessary for the court to state in the order why it decided that the applicant would suffer harm, or be endangered by probable injury, if not granted the preliminary injunction. However, this statute itself declares the injury. The order need not restate the words of the statute making these Saturday and Sunday sales a public nuisance. The finding of the violation is itself a finding of injury and reason for the order to cease." *State v. Cook United,* 464 S.W.2d 105 (Tex.1971).

The trial court's recital in the order of the facts stipulated in our case amounts to a finding of those facts and shows that the appellant is violating Art. 9001 and would continue to do so, unless restrained, during the pendency of the City's suit for permanent injunction.

Nor do we find any merit in appellant's last argument under its first point. We presume in support of the trial court's order that it found the "occasional sales" exception inapplicable; indeed, such a pre-

sumed finding is inescapable under the stipulated facts of this case. Appellant relies on Section 5 of Article 9001, which provides:

Occasional sales of any item named herein *by a person not engaged in the business of selling such item* shall be exempt from this Act. (emphasis added).

Since the appellant is engaged in the business of selling such items in Houston 80 days each year, Section 5 cannot be applied. It was not necessary for the order to specifically state a finding concerning this defense.

Appellant's second point of error is based on the argument that the trial court abused its discretion in granting injunctive relief over the appellant's contention that its sales fell within the "occasional sale" exception provided by Section 5 of Art. 9001. We overrule it for the reasons already stated.

Affirmed.