IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,


 

 AT AUSTIN


 

 

 


 

 

 

 NO. 3-94-188-CV


 

 

 

BENETA ZACHARY,

 

 APPELLANT

 

 vs.


 

 

 

STATE OF TEXAS,

 

 APPELLEE

 

 

 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT,


 NO. 93-334-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

 


 

 


PER CURIAM

 The State filed suit to close the Walnut Groove Club, a bar in Taylor owned by
appellant Beneta Zachary. The State alleged the bar was a common and public nuisance because
Zachary allowed the use and delivery of controlled substances, gambling, and violations of the
Alcoholic Beverage Code. Tex. Alco. Bev. Code Ann. § 101.70 (West 1978); Tex. Civ. Prac.
& Rem. Code Ann. §§ 125.002, .022 (West 1986 & Supp. 1994). The district court granted the
State's request for a temporary injunction on March 16, 1994. Zachary appeals with five points
of error, and we will affirm. (1)

 The only question before the district court at the temporary-injunction hearing was
the State's right to the preservation of the status quo of the subject matter of the suit pending a
trial on the merits. The State's burden of proof to obtain the order granting the temporary
injunction was to demonstrate a probable injury and a probable right of recovery. Transport Co.
v. Robertson Transps., Inc., 261 S.W.2d 549, 552 (Tex. 1953). Both the State and Zachary agree
that appellate review of the order is strictly limited to a determination of whether there has been
a clear abuse of discretion by the district court in granting the order. Davis v. Huey, 571 S.W.2d
859, 861-62 (Tex. 1978). In this appeal the merits of the underlying case are not presented for
appellate review. Id. at 861.

 In her first point of error, Zachary claims that the district court erred in granting
the temporary injunction because the court did not allow her to post bond or otherwise allow her
a means to operate the club in a lawful manner. Zachary has not preserved this point, however,
because she did not object in the district court to this alleged error. See Tex. R. App. P. 43(b),
52(a). Point of error one is overruled.

 In points of error two and three, Zachary claims that the district court erred in
granting the temporary injunction because there was no evidence and, in the alternative, factually
insufficient evidence to support the order. (2) In deciding a no-evidence point, we must consider
only the evidence and inferences tending to support the finding of the trier of fact and disregard
all evidence and inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593
(Tex. 1986), cert. denied, 498 U.S. 847 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.
1965). See generally William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and
"Insufficient Evidence", 69 Tex. L. Rev. 515 (1991); Michol O'Connor, Appealing Jury Findings,
12 Hous. L. Rev. 65 (1974). The trial court's findings of fact are reviewable for factual
sufficiency of the evidence by the same standards as applied in reviewing the factual sufficiency
of the evidence supporting jury findings. Anderson v. City of Seven Points, 806 S.W.2d 791, 794
(Tex. 1991). When reviewing a jury verdict or finding of fact to determine the factual sufficiency
of the evidence, we must consider and weigh all the evidence and should set aside the judgment
only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660,
661 (Tex. 1951); see also Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986). See generally
Powers & Ratliff, supra. We have reviewed the record bearing in mind that the State's burden
of proof was to demonstrate a probable injury and a probable right of recovery, and we hold that
both legally and factually sufficient evidence exists to support the district court's order. Points
two and three are overruled.

 In point of error four, Zachary claims that the district court erred in granting the
temporary injunction because (1) evidence was admitted that was not tendered to Zachary's
counsel in violation of a written agreement between Zachary and the State and (2) the Court
considered hearsay evidence. The State responds that in each instance cited by Zachary either no
evidence was offered, the evidence was withdrawn, or no objection was made. See Tex. R. App.
P. 52(a); Tex. R. Civ. Evid. 103(a) (rulings on evidence). We have examined the record and
agree with the State. Point four is overruled.

 Finally, in point of error five Zachary claims that the district court erred in granting
the temporary injunction because evidence was admitted without a proper chain of custody. In
her brief Zachary states that the State offered the evidence, crack cocaine, in violation of an
earlier agreement, but Zachary did not object to the admission of the evidence on this ground. 
There was testimony from the police officer who seized the cocaine and testimony from the
chemist who analyzed the cocaine. This evidence was sufficient to identify and authenticate the
evidence. Tex. R. Civ. Evid. 901(b)(3). Any break in the chain of custody would go to the
weight of the evidence rather that its admissibility. Jones v. State, 617 S.W.2d 704, 705 (Tex.
Crim. App. 1981). Point five is overruled.

 The district court's order granting a temporary injunction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: June 14, 1994

Do Not Publish
1. In a suit to abate a public nuisance, the law states that "[n]ot later than the 90th day
after the date of the injunctive order, the appropriate court of appeals shall hear and
decide an appeal taken by a party enjoined under this subchapter." Tex. Civ. Prac. &
Rem. Code Ann. § 125.022(f) (West Supp. 1994). In this case, the 90th day is June 14,
1994. Although we choose to decide the case within the time prescribed by section
125.022(f), we reserve judgment on whether the legislature can impose mandatory
deadlines on the judicial branch of government.
2. In point of error three, Zachary claims there was "insufficient evidence as a matter
of law to support the judgment." This is, of course, a no-evidence point and a mere
repetition of point of error two. We will construe point of error three as a factual
sufficiency point, however, to ensure that we have considered all of Zachary's potential
grounds for appeal under the point.