# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-02-00353-CV

---

**Gregory Daniels, Appellant**

**v.**

**Balcones Woods Club, Inc., Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. GN200811, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

---

Appellant Gregory Daniels asks this Court to vacate the district court=s temporary injunction, arguing that the district court abused its discretion. We will affirm the order of the district court.

## BACKGROUND

Balcones Woods is a neighborhood located in north Austin containing homes that range in property value from $160,000 to $250,000. Lots in the subdivision are subject to certain restrictive covenants filed in the county deed records. The neighborhood is governed by appellee Balcones Woods Club, Inc. (Athe Association@), a neighborhood association. It is the duty of the Association=s board of directors to enforce the restrictive covenants governing property in the neighborhood.

Daniels, a resident of Balcones Woods neighborhood, testified that over the past four to five years he has parked a vehicle on the front lawn of his residence. Around September 2001, he began parking his blue 1990 Mazda 626 sedan there. From February 2001 to October 2001, the Association=s operating committee sent Daniels three letters notifying him that he had violated the subdivision=s restrictive covenants and specifying the appropriate procedure to address the violation.[1] Although Daniels acknowledges receipt of the notices, he ignored the letters because he believed he had not breached the covenants. In January 2002, the Board of Directors sent him a notice that they would sue to enforce the restrictive covenants unless he ceased the violation or requested a hearing before the Board to resolve the matter. Again, Daniels did not respond to the notice; the Association filed suit in March 2002 and sought a temporary injunction pending trial on the merits.

---

[1] The first and last letter both stated that if Daniels felt he had not violated the covenants, he should contact the operating committee in writing.

At the temporary injunction hearing, the Association argued that Daniels had violated the restrictive covenants by parking his vehicle in his front yard. Additionally, the Association produced testimony that a vehicle parked on a front lawn harms the image of the neighborhood with respect to potential buyers and undermines the Board=s ability to enforce deed restrictions. Daniels stipulated that he is governed by the neighborhood=s restrictive covenants; however, he contended that his actions did not constitute a violation. The district court granted the Association=s request for a temporary injunction prohibiting Daniels from parking his vehicle in his front yard during the pendency of the lawsuit. Daniels appeals the temporary injunction order, claiming that the district court abused its discretion.

## STANDARD OF REVIEW

The decision to grant or deny a temporary injunction lies within the trial court=s sound discretion. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). In an appeal from an order granting or denying a request for a temporary injunction, appellate review is confined to the validity of the order that grants or denies the relief. *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.CAustin 2000, no pet.). The test for determining whether a party is entitled to a temporary injunction is whether the movant demonstrates both a probable right to recovery and a probable, irreparable injury in the absence of interim relief. *Walling,* 863 S.W.2d at 57*; Texas Alcoholic Beverage Comm=n v. Amusement & Music Operators, Inc.*, 997 S.W.2d 651, 657 (Tex. App.CAustin 1999, pet. dism=d w.o.j.). In determining whether the district court arbitrarily or unreasonably granted a temporary injunction, the appellate court reviews the evidence in the light most favorable to the district court=s order. *Universal Health Servs., Inc.*, 24 S.W.3d at 576. Proof that the applicant ultimately will prevail at trial is not required. *Transport Co. v. Robertson Transp.,* 261 S.W.2d 549, 552 (Tex. 1953).

The appellate court may not consider the merits of the lawsuit in making its review. *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978); *Public Util. Comm=n v. Coalition of Cities for Affordable Util. Rates*, 776 S.W.2d 224, 226 (Tex. App.CAustin 1987, no writ). We may reverse the district court=s order only on a showing of a clear abuse of discretion. *Robertson Transp.*, 261 S.W.2d at 552; *Amalgamated Acme Affiliates, Inc. v. Minton*, 33 S.W.3d 387, 392 (Tex. App.CAustin 2000, no pet.). Thus, we will not reverse the district court=s order if the district court was presented with conflicting evidence and the record includes evidence that reasonably supports the district court=s decision. *See Universal Health Servs., Inc.*, 24 S.W.3d at 576.

4

## DISCUSSION

Daniels asks this Court to vacate the district court=s temporary injunction order, arguing that the district court abused its discretion by: (1) acting arbitrarily and unreasonably in concluding that the Association had a probable, irreparable injury and probable right of recovery; (2) determining that preservation of the status quo was the removal of Daniels=s vehicle from the front yard; and (3) balancing any equities in favor of the Association.

*Probable Right of Recovery and Probable, Irreparable Injury*

To demonstrate a probable right of recovery, a party must have a cause of action for which it may be granted relief. *Universal Health Servs., Inc.*, 24 S.W.3d at 577. It is undisputed that Daniels=s property is subject to restrictive covenants, and that the Association has the authority to bring an action to enforce the covenants in the event of a breach.

In support of its cause of action for breach of restrictive covenants, the Association presented testimony that the Board of Directors believed Daniels to be in violation of Article V, section 12 of Balcones Wood=s Declaration of Covenants, Conditions, and Restrictions. Section 12 declares that Ano motor boat, camper, truck or trailer, or unsightly vehicles or objects [should] be parked or stored between the curb and building line of any lot.@ Therefore, the Association=s board of directors determined that Daniels=s car parked in his front yard constituted an unsightly object. Additionally, residents of Balcones

5

Woods testified that the location of the vehicle made it an unsightly object and that the condition of the property around and under the vehicle created an unsightly appearance.[2]

Daniels contends that the word Aunsightly@ in Section 12 refers to the vehicle itself. While he recognizes that the paint is chipped on his vehicle=s bumper and that some of his neighbors consider the vehicle itself unsightly, he argues that the car is not an Aunsightly vehicle@ because it has no flat tires, missing hubcaps, or dents. Because he believed his vehicle not to be unsightly, Daniels concluded that he was not in violation of section 12 and did not have to respond to the notices. Testimony from a member of the Board of Directors verified Daniels=s belief that if a person had not violated a covenant, then that person had no obligation to respond to the violation notices. However, because both parties presented conflicting evidence as to whether Daniels=s vehicle was unsightly or an object that violated the restrictive covenants, the district court could reasonably have concluded that the Association had a cause of action for breach of covenant restrictions and did not abuse its discretion in finding the Association had a probable right of recovery.

---

[2] Daniels=s neighbor testified that he had witnessed grass and weeds grow up around the vehicle as a result of the vehicle being permanently parked in the front yard.

The party requesting the temporary injunction must also show a probable, irreparable injury. *Walling*, 863 S.W.2d at 57. To demonstrate a probable, irreparable injury, a party must show an injury for which there is no real legal measure of damages or none that can be determined with a sufficient degree of certainty. *See Universal Health Servs., Inc.*, 24 S.W.3d at 577. During the hearing, the Association relied on the testimony of two residents to establish irreparable injury. Thomas Terry, a previous member of the Association=s board of directors and a real estate appraiser, testified that a vehicle parked on the front lawn has a negative effect on a buyer=s impression of the neighborhood.[3] Additionally, John Schexnayder, a current member of the Board of Directors, testified that allowing a violation of a covenant restriction to go unchallenged would send a message to the residents of Balcones Woods that they have a license to violate the restrictive covenants. Thus the district court, in its discretion, reasonably could have concluded that this testimony established damages that could not be sufficiently determined, causing the Association and its property owners to suffer a probable, irreparable injury.

***Preservation of the Status Quo***

---

[3] Terry testified that Athe overall appearance of the neighborhood as far as the general upkeep of the individual residences@ would attract or deter a prospective home buyer from a neighborhood like Balcones Woods.

Daniels contends that the district court abused its discretion by restraining him from parking his vehicle in his yard in order to preserve the status quo. A temporary injunction serves to preserve the status quo. *Walling*, 863 S.W.2d at 57. Daniels argues that the status quo would allow his parking his vehicle in the front yard. The status quo is defined as Athe last, actual, peaceable, noncontested status which preceded the pending controversy.@ *Robertson Transp.,* 261 S.W.2d at 553-54. Thus, Aif an act of one party alters the relationship between that party and another, and the latter contests the action, the status quo cannot be the relationship as it exists after the action.@ *Universal Health Servs.*, *Inc.*, 24 S.W.3d at 577. It was Daniels=s decision to park his vehicle continuously in his front yard that changed the parties= relationship and that gave rise to the current dispute. Thus, the status quo is the relationship between Daniels and the Association as it existed *before* Daniels parked his vehicle in his front yard.

*Balancing Equities*

Daniels also contends that the district court abused its discretion by concluding that a balance of the equities weighed in favor of granting the temporary injunction. In deciding to grant the temporary injunction, a district court Abalances the equities of the parties and the resulting conveniences and hardships.@ *Id.* at 578. The district court necessarily balanced the potential damage to the neighborhood against Daniels=s ability to move the car. Daniels argues that he suffers from not being able to park his vehicle wherever he wants and in having to obtain proper registration to park the vehicle permanently on the street, and that his hardship outweighs the hardship to the neighborhood in having a vehicle parked in his front yard. Although equities may exist on both sides, we cannot say that the district court abused its

8

discretion in finding that the equities balance in favor of the Association. We therefore overrule Daniels=s issues on appeal.[4]

## CONCLUSION

We hold that Daniels has not demonstrated that the trial court abused its discretion in granting the Association a temporary injunction. Accordingly, we affirm the order of the district court.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed:   October 31, 2002

Do Not Publish

---

[4] In one concluding sentence, and without argument or citation to authority, Daniels suggests that if this Court finds the Association=s cause is Adevoid of merit@ it therefore should be dismissed. Because we overrule his complaint on appeal, we also decline to dismiss the underlying cause.