

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-030-CV

MICHAEL LOU GARRETT                                                    APPELLANT

V.

LARRY E. BERGER, TINA L.                                              APPELLEES
CARROL, TINA S. VITOLO,
TRACY M. KUTAVA, JERRI HAIR,
VIKKI D. WRIGHT, DAVID R.
SKELTON, BECKY PRICE, JOSEPH C.
BOYLES, TOMMY L. NORWOOD,
ROCKY N. MOORE, E.C. WILLIAMS,
AND JAMIE L. BAKER

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Michael Lou Garrett pro se appeals the trial court's order denying his motion for a temporary injunction. We affirm.

---

[1]  *See* TEX. R. APP. P. 47.4.

**Background Facts**

In February 2007, appellant, an inmate in the Allred Unit of the Texas Department of Criminal Justice, filed a civil rights lawsuit against appellees and alleged that appellees retaliated against him for filing numerous grievances and lawsuits in violation of his rights under the First, Eighth, and Fourteenth Amendments. U.S. CONST. amend. I, IV, XIV. On October 1, 2007, appellant filed a motion for a temporary restraining order and preliminary injunction. The trial court denied appellant's motion for a temporary restraining order, and appellant appealed. This court dismissed appellant's appeal for lack of jurisdiction because the trial court specified only that it was denying appellant's motion for a temporary restraining order; the trial court did not mention appellant's motion for a preliminary injunction. *See Garrett v. Berger,* No. 2-07-350-CV, 2008 WL 45747, at *1 (Tex. App.—Fort Worth Jan. 3, 2008, no pet.) (mem. op.).

In January 2008, after the dismissal of appellant's appeal, the trial court entered a second amended order denying appellant's motion as to both the temporary restraining order and the preliminary injunction. Appellant now appeals the trial court's denial of his motion for a temporary injunction.

**Standard of Review and Applicable Law**

To be entitled to a temporary injunction, the applicant must plead a cause of action and show a probable right to recover on that cause of action and a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2004); *Argyle ISD v. Wolf,* 234 S.W.3d 229, 236 (Tex. App.—Fort Worth 2007, no pet.); *Fox v. Tropical Warehouses, Inc.,* 121 S.W.3d 853, 857 (Tex. App.—Fort Worth 2003, no pet.). A probable right of recovery is shown by alleging a cause of action and presenting evidence tending to sustain it. *See Argyle ISD,* 234 S.W.3d at 236; *Fox,* 121 S.W.3d at 857. An injury is irreparable if damages would not adequately compensate the injured party or if they cannot be measured by any certain pecuniary standard. *Fox,* 121 S.W.3d at 857*; see also Butnaru,* 84 S.W.3d at 204.

The purpose of a temporary injunction is to preserve the status quo until a trial on the merits. *See Butnaru,* 84 S.W.3d at 204; *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex. 1993); *Fox,* 121 S.W.3d at 857. "Status quo is defined as 'the last, actual, peaceable, noncontested status which preceded the pending controversy.'" *Fox,* 121 S.W.3d at 857; *Universal Health Servs., Inc. v. Thompson,* 24 S.W.3d 570, 577 (Tex. App.—Austin 2000, no pet.) (quoting *Transport Co. of Tex. v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549, 553-54 (1953)).

3

In an appeal from an order granting or denying a temporary injunction, the scope of review is restricted to the validity of the order granting or denying relief. *See Walling,* 863 S.W.2d at 58; *Fox,* 121 S.W.3d at 857. Whether to grant or deny a request for a temporary injunction is within the trial court's discretion, and we will not reverse its decision absent an abuse of discretion. *See Butnaru,* 84 S.W.3d at 204; *Walling,* 863 S.W.2d at 58; *Fox,* 121 S.W.3d at 857. Accordingly, when reviewing such a decision, we must view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary that it exceeds the bounds of reasonable discretion. *See Fox,* 121 S.W.3d at 857; *Thompson,* 24 S.W.3d at 576. A trial court does not abuse its discretion if it bases its decision on conflicting evidence and evidence in the record reasonably supports the trial court's decision. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex. 1978); *Fox,* 121 S.W.3d at 857.

**Analysis**

In his sole issue, appellant argues that appellees are responsible for his current job assignment in the jail kitchen, which requires him to perform duties in direct violation of his medical work restrictions, and that the exposure to the

4

heat and humidity could bring his cancer out of remission.[2]  However, an injunction is not proper when the claimed injury is merely speculative; fear and apprehension of injury are not sufficient to support a temporary injunction. *See Fox,* 121 S.W.3d at 861.  Here, appellant did not allege that his cancer had returned or that he had suffered any injury from his work assignment. *See id*.  Because appellant's evidence of injury with respect to his cancer coming out of remission due to his kitchen assignment is merely speculative and not probable, imminent, or irreparable, we hold that the trial court did not abuse its discretion by denying appellant's motion for a preliminary injunction. *See id.* at 857.  We overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's order denying appellant's motion for a preliminary injunction.

PER CURIAM

PANEL F:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: June 19, 2008

---

[2] Appellant alleges that he was assigned to the kitchen in retaliation for the grievances he had filed.