COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-08-030-CV

 

MICHAEL LOU GARRETT                                                      APPELLANT

 

                                                   V.

 

LARRY E. BERGER, TINA L.                                                   APPELLEES

CARROL,
TINA S. VITOLO,

TRACY
M. KUTAVA, JERRI HAIR,

VIKKI
D. WRIGHT, DAVID R.

SKELTON,
BECKY PRICE, JOSEPH C. 

BOYLES,
TOMMY L. NORWOOD,

ROCKY
N. MOORE, E.C. WILLIAMS,

AND
JAMIE L. BAKER

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Michael Lou Garrett
pro se appeals the trial court=s order denying his motion for a temporary injunction.  We affirm.








Background Facts

In February 2007, appellant,
an inmate in the Allred Unit of the Texas Department of Criminal Justice, filed
a civil rights lawsuit against appellees and alleged that appellees retaliated
against him for filing numerous grievances and lawsuits in violation of his
rights under the First, Eighth, and Fourteenth Amendments.  U.S.
Const. amend. I, IV, XIV.  On
October 1, 2007, appellant filed a motion for a temporary restraining order and
preliminary injunction.  The trial court
denied appellant=s motion for
a temporary restraining order, and appellant appealed.  This court dismissed appellant=s appeal for lack of jurisdiction because the trial court specified
only that it was denying appellant=s motion for a temporary restraining order; the trial court did not
mention appellant=s motion for
a preliminary injunction.  See  Garrett v. Berger, No. 2-07-350-CV, 2008
WL 45747, at *1 (Tex. App.CFort Worth  Jan. 3, 2008, no
pet.) (mem. op.).  

In January 2008, after the
dismissal of appellant=s appeal,
the trial court entered a second amended order denying appellant=s motion as to both the temporary restraining order and the
preliminary injunction.  Appellant now
appeals the trial court=s denial of
his motion for a temporary injunction. 

 

 








Standard of Review and
Applicable Law

To be entitled to a temporary
injunction, the applicant must plead a cause of action and show a probable
right to recover on that cause of action and a probable, imminent, and
irreparable injury in the interim.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2004); Argyle ISD v. Wolf, 234
S.W.3d 229, 236 (Tex. App.CFort Worth 2007, no pet.); Fox v. Tropical Warehouses, Inc., 121
S.W.3d 853, 857 (Tex. App.CFort Worth 2003, no pet.).  A probable right of recovery is shown by
alleging a cause of action and presenting evidence tending to sustain it.  See Argyle ISD, 234 S.W.3d at 236; Fox,
121 S.W.3d at 857.  An injury is
irreparable if damages would not adequately compensate the injured party or if
they cannot be measured by any certain pecuniary standard.  Fox, 121 S.W.3d at 857; see also
Butnaru, 84 S.W.3d at 204.  

The purpose of a temporary
injunction is to preserve the status quo until a trial on the merits.  See Butnaru, 84 S.W.3d at 204; Walling
v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993); Fox, 121 S.W.3d at
857.  AStatus quo is defined as >the last, actual, peaceable, noncontested status which preceded the
pending controversy.=@   Fox, 121 S.W.3d at
857; Universal Health Servs., Inc. v. Thompson, 24 S.W.3d 570, 577 (Tex.
App.CAustin 2000, no pet.) (quoting Transport Co. of Tex. v. Robertson
Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, 553-54 (1953)).








In an appeal from an order
granting or denying a temporary injunction, the scope of review is restricted
to the validity of the order granting or denying relief.  See Walling, 863 S.W.2d at 58; Fox,
121 S.W.3d at 857.  Whether to grant
or deny a request for a temporary injunction is within the trial court=s discretion, and we will not reverse its decision absent an abuse of
discretion.  See Butnaru, 84
S.W.3d at 204; Walling, 863 S.W.2d at 58; Fox, 121 S.W.3d at
857.  Accordingly, when reviewing such a
decision, we must view the evidence in the light most favorable to the trial
court=s order, indulging every reasonable inference in its favor, and
determine whether the order was so arbitrary that it exceeds the bounds of
reasonable discretion.  See Fox, 121
S.W.3d at 857; Thompson, 24 S.W.3d at 576.  A trial court does not abuse its discretion
if it bases its decision on conflicting evidence and evidence in the record
reasonably supports the trial court=s decision.  Davis v. Huey, 571
S.W.2d 859, 862 (Tex. 1978); Fox, 121 S.W.3d at 857.

Analysis








In his sole issue, appellant
argues that appellees are responsible for his current job assignment in the
jail kitchen, which requires him to perform duties in direct violation of his
medical work restrictions, and that the exposure to the heat and humidity could
bring his cancer out of remission.[2]  However, an injunction is not proper when the
claimed injury is merely speculative; fear and apprehension of injury are not
sufficient to support a temporary injunction. 
See Fox, 121 S.W.3d at 861. 
Here, appellant did not allege that his cancer had returned or that he
had suffered any injury from his work assignment.  See id.  Because appellant=s evidence of injury with respect to his cancer coming out of
remission due to his kitchen assignment is merely speculative and not probable,
imminent, or irreparable, we hold that the trial court did not abuse its discretion
by denying appellant=s motion for
a preliminary injunction.  See id. at
857.  We overrule appellant=s sole issue.

Conclusion

Having overruled appellant=s sole issue, we affirm the trial court=s order denying appellant=s motion for a preliminary injunction.

 

 

PER CURIAM

 

PANEL F:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
June 19, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]Appellant
alleges that he was assigned to the kitchen in retaliation for the grievances
he had filed.