MEMORANDUM OPINION

 

No. 04-10-00521-CV

 

Marcus SELVA,

Appellant

 

v.

 

PINNACLE PARTNERS
FINANCIAL CORPORATION,

Appellee

 

From the 285th
Judicial District Court, Bexar County, Texas

Trial Court No. 2010-CI-05507

Honorable Martha
Tanner, Judge Presiding

 

Opinion by:   Rebecca Simmons, Justice

 

Sitting:                     Sandee Bryan Marion, Justice

                     Rebecca
Simmons, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  March 16, 2011

 

AFFIRMED

 

Marcus Selva appeals the
trial court’s order granting a temporary injunction in favor of Pinnacle
Partners Financial Corporation.  The only issues properly briefed for this
court’s consideration are: (1) whether the temporary injunction order is void
because it fails to detail the specific reasons for its issuance and the injury
that will occur in the absence of its issuance; and (2) whether evidence
supported the trial court’s finding that Selva intended to contact Pinnacle’s
clients.[1] 
Because the issues in this appeal involve the application of well-settled
principles of law, we affirm the trial court’s order in this memorandum
opinion.

Specificity of Order

Rule 683 of the Texas
Rules of Civil Procedure requires every order granting an injunction to set forth
the reasons for its issuance.  Tex. R.
Civ. P. 683.  The Texas Supreme Court “interpret[s] the Rule to require
in this respect only that the order set forth the reasons why the court deems
it proper to issue the writ to prevent injury to the applicant in the
interim.”  Transp. Co. of Tex. v. Robertson Transps., Inc., 261 S.W.2d
551, 553 (Tex. 1953).  “The procedural requirements of Rule 683 are mandatory,
and an order granting a temporary injunction that fails to strictly comply with
the rule is subject to being declared void and dissolved.”  Kotz v. Imperial
Capital Bank, 319 S.W.3d 54, 56 (Tex. App.—San Antonio 2010, no pet.).

Selva contends the trial
court’s order is void because it fails to specify the reasons for its issuance
and the injury that would occur if the order were not granted.  We disagree. 
In the order, the trial court specifically finds, in pertinent part, the
following:

1.        Defendant or other members
of his newly formed company intend to contact clients of Plaintiff in violation
of his prior employment contract and in direct violation of Securities Exchange
Commission Regulation S-P;

 

2.        unless this restraint is
ordered immediately, Plaintiff will suffer irreparable injury immediately,
because no other legal remedy can be obtained and effected before the injury
occurs;

 

4.        if Defendant’s threatened
conduct as described above is not enjoined during the pendency of this suit,
Plaintiff will be injured because [t]he confidentiality of Plaintiff’s clients
will be violated and subject Plaintiff to loss of trust by his clients and
possible sanction by state and federal authorities.

 

We hold that the
foregoing language was sufficient to satisfy the requirements of Rule 683.  See
Transp. Co. of Tex., 261 S.W.2d at 553 (holding order sufficiently specific
where it stated respondent “would interfere with the markets established by the
plaintiffs and would probably divert freight tonnage and revenue from the
plaintiff” and “such interference with customers and markets and diversion of
freight tonnage and revenues would result in irreparable and inestimable damage
to plaintiffs”); IAC, Ltd. v. Bell Helicopter Textron, Inc., 160 S.W.3d
191, 201 (Tex. App.—Fort Worth 2005, no pet.) (holding order satisfied
requirements by explicitly stating that appellee had shown that appellants had
possession of appellee’s data entitled to trade secret protection and were
actively using that information to compete with appellee); Amalgamated Acme
Affiliates, Inc. v. Minton, 33 S.W.3d 387, 397 (Tex. App.—Austin 2000, no
pet.) (holding trial court’s order sufficiently stated that appellant’s conduct
was interfering with appellee’s relationships with his customers and
advertisers and that appellee was likely to suffer immediate and irreparable
injury as a result of the interference).  Accordingly, Selva’s first and second
issues are overruled.

Intent to Contact Clients

In his third issue, Selva
asserts the temporary injunction is overbroad because “no evidence adduced that
[Selva] would contact clients of Pinnacle that was not given to brokers when
[Selva] uses public databases to obtain contact information and referrals from
friends.”  Based on the argument presented, Selva appears to be challenging the
trial court’s finding that Selva intended to contact Pinnacle’s clients in
violation of his prior employment contract.[2]

We review an order
granting injunctive relief under an abuse of discretion standard.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  We may not substitute
our judgment for the trial court’s judgment “unless the trial court’s action
was so arbitrary that it exceeded the bounds of reasonable discretion.”  Id. 
A trial court does not abuse its discretion if the trial court heard
conflicting evidence, and evidence appears in the record that reasonably
supports the trial court’s decision.  Cascos v. Cameron Co. Atty., 319
S.W.3d 205, 221 (Tex. App.—Corpus Christi 2010, no pet.); INEOS Group Ltd.
v. Chevron Phillips Chem. Co., LP, 312 S.W.3d 843, 848 (Tex. App.—Houston
[1st Dist.] 2009, no pet.).  In reviewing a trial court’s order granting
injunctive relief, we review the evidence and draw all legitimate inferences in
the light most favorable to the court’s ruling, and we defer to the trial
court’s resolution of conflicting evidence.  Cascos, 319 S.W.3d at 221; INEOS
Group Ltd., 312 S.W.3d at 848.

Viewing the evidence and
inferences in the light most favorable to the trial court’s ruling, the trial
court heard Selva’s testimony that he does contact people with whom he had
previously done business while employed with Pinnacle when he is making his
daily sales calls at his new company.  Selva further testified that he
discusses Pinnacle’s customers while brainstorming about potential clients for
the new company.  Selva’s testimony and the inferences that can be drawn from
it support the trial court’s finding that Selva intends to contact Pinnacle’s
clients.  Accordingly, Selva’s third issue is overruled.

Conclusion

The trial court’s order
is affirmed.

Rebecca Simmons, Justice









[1]
Although Selva’s brief lists additional issues presented, the brief contains no argument or cited authorities pertaining
to the issues as required to properly present the issues for appellate review. 
Tex. R. App. P. 38.1(i).  





[2]
If we were to construe Selva’s issue as challenging the language of the order,
we note the order is specifically tailored to only enjoin Selva from
“contacting any client of Plaintiff whose name and contact information was
obtained from confidential files of the Plaintiff.”