Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-10-00521-CV

Marcus **SELVA**,
Appellant

v.

**PINNACLE PARTNERS FINANCIAL CORPORATION**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-05507
Honorable Martha Tanner, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  March 16, 2011

AFFIRMED

Marcus Selva appeals the trial court's order granting a temporary injunction in favor of

Pinnacle Partners Financial Corporation.  The only issues properly briefed for this court's

consideration are: (1) whether the temporary injunction order is void because it fails to detail the

specific reasons for its issuance and the injury that will occur in the absence of its issuance; and

(2) whether evidence supported the trial court's finding that Selva intended to contact Pinnacle's

clients.[1] Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's order in this memorandum opinion.

### SPECIFICITY OF ORDER

Rule 683 of the Texas Rules of Civil Procedure requires every order granting an injunction to set forth the reasons for its issuance. TEX. R. CIV. P. 683. The Texas Supreme Court "interpret[s] the Rule to require in this respect only that the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim." *Transp. Co. of Tex. v. Robertson Transps., Inc.*, 261 S.W.2d 551, 553 (Tex. 1953). "The procedural requirements of Rule 683 are mandatory, and an order granting a temporary injunction that fails to strictly comply with the rule is subject to being declared void and dissolved." *Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 56 (Tex. App.—San Antonio 2010, no pet.).

Selva contends the trial court's order is void because it fails to specify the reasons for its issuance and the injury that would occur if the order were not granted. We disagree. In the order, the trial court specifically finds, in pertinent part, the following:

> 1.      Defendant or other members of his newly formed company intend to contact clients of Plaintiff in violation of his prior employment contract and in direct violation of Securities Exchange Commission Regulation S-P;

> 2.      unless this restraint is ordered immediately, Plaintiff will suffer irreparable injury immediately, because no other legal remedy can be obtained and effected before the injury occurs;

> 4.      if Defendant's threatened conduct as described above is not enjoined during the pendency of this suit, Plaintiff will be injured because [t]he confidentiality of Plaintiff's clients will be violated and subject Plaintiff to loss of trust by his clients and possible sanction by state and federal authorities.

---

[1] Although Selva's brief lists additional issues presented, the brief contains no argument or cited authorities pertaining to the issues as required to properly present the issues for appellate review. TEX. R. APP. P. 38.1(i).

We hold that the foregoing language was sufficient to satisfy the requirements of Rule 683. *See Transp. Co. of Tex.*, 261 S.W.2d at 553 (holding order sufficiently specific where it stated respondent "would interfere with the markets established by the plaintiffs and would probably divert freight tonnage and revenue from the plaintiff" and "such interference with customers and markets and diversion of freight tonnage and revenues would result in irreparable and inestimable damage to plaintiffs"); *IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 201 (Tex. App.—Fort Worth 2005, no pet.) (holding order satisfied requirements by explicitly stating that appellee had shown that appellants had possession of appellee's data entitled to trade secret protection and were actively using that information to compete with appellee); *Amalgamated Acme Affiliates, Inc. v. Minton*, 33 S.W.3d 387, 397 (Tex. App.—Austin 2000, no pet.) (holding trial court's order sufficiently stated that appellant's conduct was interfering with appellee's relationships with his customers and advertisers and that appellee was likely to suffer immediate and irreparable injury as a result of the interference). Accordingly, Selva's first and second issues are overruled.

## INTENT TO CONTACT CLIENTS

In his third issue, Selva asserts the temporary injunction is overbroad because "no evidence adduced that [Selva] would contact clients of Pinnacle that was not given to brokers when [Selva] uses public databases to obtain contact information and referrals from friends." Based on the argument presented, Selva appears to be challenging the trial court's finding that Selva intended to contact Pinnacle's clients in violation of his prior employment contract.[2]

We review an order granting injunctive relief under an abuse of discretion standard. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). We may not substitute our

---

[2] If we were to construe Selva's issue as challenging the language of the order, we note the order is specifically tailored to only enjoin Selva from "contacting any client of Plaintiff whose name and contact information was obtained from confidential files of the Plaintiff."

judgment for the trial court's judgment "unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id.* A trial court does not abuse its discretion if the trial court heard conflicting evidence, and evidence appears in the record that reasonably supports the trial court's decision. *Cascos v. Cameron Co. Atty.*, 319 S.W.3d 205, 221 (Tex. App.—Corpus Christi 2010, no pet.); *INEOS Group Ltd. v. Chevron Phillips Chem. Co., LP*, 312 S.W.3d 843, 848 (Tex. App.—Houston [1st Dist.] 2009, no pet.). In reviewing a trial court's order granting injunctive relief, we review the evidence and draw all legitimate inferences in the light most favorable to the court's ruling, and we defer to the trial court's resolution of conflicting evidence. *Cascos*, 319 S.W.3d at 221; *INEOS Group Ltd.*, 312 S.W.3d at 848.

Viewing the evidence and inferences in the light most favorable to the trial court's ruling, the trial court heard Selva's testimony that he does contact people with whom he had previously done business while employed with Pinnacle when he is making his daily sales calls at his new company. Selva further testified that he discusses Pinnacle's customers while brainstorming about potential clients for the new company. Selva's testimony and the inferences that can be drawn from it support the trial court's finding that Selva intends to contact Pinnacle's clients. Accordingly, Selva's third issue is overruled.

### CONCLUSION

The trial court's order is affirmed.

Rebecca Simmons, Justice